THE STATE v. ELLIS, *Appellant.*

Division Two, January 31, 1894.

Criminal Law: LARCENY: INDICTMENT. An indictment for larceny which does not aver the ownership of the property stolen, except inferentially, is bad.

*Appeal from New Madrid Circuit Court.*—HON. H. C. RILEY, Judge.

REVERSED AND REMANDED.

*Robert Rutledge* and *J. R. Brewer* for appellant.

*R. F. Walker,* Attorney General, for the state.

Defendant's motion to quash the indictment in this case was properly overruled.   The indictment in the language of the statute clearly charged the crime of which the defendant was accused and convicted. R. S. 1889, sec. 3535.

BURGESS, J.—Defendant was convicted of grand larceny in the circuit court of New Madrid county, and his punishment fixed at two years' imprisonment in the penitentiary. The indictment, leaving out the formal parts, is as follows:

"The grand jurors for the state of Missouri for the body of New Madrid county, impaneled, charged and sworn upon their oaths present, that on or about March 1, 1893, one P. W. Ellis, at the county and state aforesaid, from one J. J. Williams, then and there being, did certain neat cattle, to wit, two heifers, unlawfully and feloniously take, steal and carry away against the peace and dignity of the state."

Defendant filed his motion to quash the indictment upon the ground that it did not allege that J. J. Williams was the owner, or in possession of the property alleged to have been stolen, which was overruled, and he excepted. After his conviction he filed his motion in arrest for the same grounds which were assigned in the motion to quash. This motion was also overruled and he saved his exceptions, and prosecuted his appeal to this court. No brief has been filed on behalf of the defendant.

The indictment is fatally defective in that it does not aver the ownership of the property. It should have averred after describing the cattle, "of the property of one J. J. Williams, then and there being found, feloniously did steal, take and carry away." 2 Bishop's Cr. Proc., sec. 697; Kelley's Cr. Law and Prac., sec. 649; 2 East's P. C., 651, 778.

The indictment nowhere avers who was the owner of the property, except inferentially. The motion in arrest should have been sustained. The judgment will be reversed and cause remanded. All of this division concur.