**STATE of Missouri, Respondent,**

**v.**

**Albert Lonzo CANTRELL, Appellant.**

**No. 51633.**

Supreme Court of Missouri,
Division No. 1.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, James M. Byrne, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellant.

HOUSER, Commissioner.

Albert Lonzo Cantrell appeals from a judgment of conviction of the crime of stealing money in an amount in excess of $100. §§ 560.156 (2); 560.161 (2), V.A.M.S. He was sentenced as an habitual offender to ten years confinement in an institution to be designated by the department of corrections. Appellant was represented in the circuit court by counsel who filed a motion for new trial in his behalf. His counsel filed a brief and orally argued the case on appeal. The state contends that no assignment of error in appellant's motion for new trial has been preserved for review for the reason that the motion was not filed in time, and that a paper writing purporting to be a nunc pro tunc order bridging the time gap is a nullity and in any event is not before this Court.

The transcript on appeal shows that the verdict of guilty was returned on June 29, 1965; that defendant's motion for judg-

ment of acquittal or for a new trial was filed on July 13, 1965; that on that same date defendant was granted allocution, judgment was entered and sentence was pronounced in accordance with the verdict, and defendant took an appeal.

On March 14, 1966 the clerk of the Supreme Court received a letter from defendant's attorney enclosing a copy of a "Nunc Pro Tunc Order" which the attorney recited that he received on March 16 (?) from the circuit judge, "showing that the Court did grant [him] 15 days to file a motion for new trial but that that order was through mistake not shown in the Court minutes." The "Nunc Pro Tunc Order," certified by the clerk of the circuit court in which defendant was convicted, follows:

"The defendant herein having been convicted by verdict of the jury on June 29, 1965, and the Court having allowed defendant fifteen (15) days to file motion for a new trial but said order not appearing in the record other than the entry, cause continued to July 13, 1965, and it having been the understanding of the parties and the intention of the Court that defendant do and have fifteen (15) days in which to file motion for new trial,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED nunc pro tunc that defendant have fifteen (15) days from June 29, 1965 in which to file motion for new trial, said order being entered for the purpose of correcting the record."

No motion was filed here to make this order a part of the transcript and no supplemental transcript on appeal was ordered or prepared pursuant to the provisions of Civil Rule 82.12 (c), V.A.M.R., which is applicable to criminal cases. Criminal Rule 28.18, V.A.M.R. The transcript reveals no record in the circuit court of a motion to amend the record or of the filing of any proceeding to obtain the nunc pro tunc order, or a notice to the state of the intention of appellant to procure an amendment nunc pro tunc, or of a hearing held thereon or that any evidence, or paper writing, nota-

tion or memorandum existed or was considered by the circuit court.

Criminal Rule 27.20 (a), V.A.M. R., which requires that a motion for new trial in a criminal case be filed within ten days after the return of the verdict, is mandatory. State v. Hooper, Mo.Sup., 364 S.W.2d 542. On application defendant may be granted an extension of time for an additional period of thirty days, but there is no record in this transcript of any application therefor or of any court order allowing such an extension. Appellant seeks to circumvent this omission by the mere filing of the certified copy of the so-called "Nunc Pro Tunc Order" with the clerk of this Court. This does not constitute a compliance with Civil Rule 82.12 (c), supra, and the purported order nunc pro tunc is a nullity. Not being a part of the transcript on appeal the "Nunc Pro Tunc Order" and the letter accompanying it, lodged with the Court since the filing of the transcript, "are not a part of any authenticated record, * * * are not properly here," State v. Eno, Mo.Sup., 313 S.W.2d 720, 723 [2], and cases cited, and may not be officially considered. Accordingly, we do not take notice of the recitals therein that the court allowed defendant fifteen days to file his motion for a new trial, or that the circuit court record recites that the cause was continued until July 13, 1965, or that it was the understanding and intention of court and counsel that the additional time be allowed. If authority be needed for the ruling that the so-called nunc pro tunc order is a nullity it is to be found in State v. Hooper, Mo.Sup., 364 S.W.2d 542, where in a similar situation this Court held that the limitation of Criminal Rule 27.20 cannot be evaded by the mere expedient of a nunc pro tunc entry which, as in this case, did not appear to have been made after a hearing pursuant to notice and an opportunity for the opposite party to be heard, or to have been based upon any record, minute, or entry. Consequently, we must rule that none of the six points made in appellant's brief has been preserved for appellate review.

We do, however, have jurisdiction of the appeal and are obliged to review the sufficiency of the information, verdict, judgment and sentence and render judgment as to those matters upon the record. Criminal Rule 28.02, V.A.M.R.

In addition to the allegation that defendant committed and was convicted of previous offenses, the first amended information charged that "on or about the 12th day of November, 1964, at and in the County of Adair and State of Missouri, the defendant, Albert Lonzo Cantrell did then and there willfully and unlawfully, and feloniously steal, take and carry away in excess of One Hundred ($100.00) Dollars, lawful money of the United States, from the premises of Baiotto and Gasperi, Inc., of Novinger, Missouri, without the permission or consent of the said owners thereof, and with the intent to permanently deprive the owners of the use and possession thereof and to convert the same to his own use."

The first amended information is fatally defective because it does not aver the ownership of the property. State v. Ellis, 119 Mo. 437, 24 S.W. 1017; State v. Moore, Mo.App., 272 S.W. 710 [2].[1] The indictment in Ellis charged defendant with stealing two heifers "from one J. J. Williams, then and there being," without alleging that Williams was the owner or in possession of the property alleged to have been stolen. In reversing the judgment the Court said: "The indictment is fatally defective in that it does not aver the ownership of the property. It should have averred, after describing the cattle, 'of the property of one J. J. Williams, then and there being found, feloniously did steal, take, and carry away.' 2 Bish.Crim.Proc. § 697; Kelly, Crim.Law, § 649; 2 East, P.C. 651, 778. The indictment nowhere

avers who was the owner of the property, except inferentially." It is a "well-settled and time-honored rule that an indictment or an information for larceny must set out the name of the owner of the property alleged to have been stolen, and that the proof must follow in this behalf the charge in the indictment or information. If there be a failure in these behalves, it is well settled that a fatal variance is created, and the errors are reversible. * * *" State v. Long, 278 Mo. 379, 213 S.W. 436 [5].[2] "The gravamen of the offense charged is larceny, and an averment of the ownership of the property stolen constitute[s] a part of such charge, * * *." State v. Flowers, 311 Mo. 510, 278 S.W. 1040, 1042. The reason for the rule is that in a stealing case the ownership of the property is not merely incidental but is an *essential, constituent element of the crime* charged in the information. In this connection see and compare State v. Lundry, 361 Mo. 156, 233 S.W.2d 734 [2]. Failure to allege a constituent element of an offense affects the substantial rights of the defendant, and such a failure is not cured by the statute of jeofails, § 545.030, V.A.M.S. and Criminal Rule 24.11, V.A.M.R. State v. Harris, Mo. Sup., 313 S.W.2d 664, 671 [7]. "The purpose of charging ownership is to show that the title or ownership is not in the accused, as he cannot be held for converting his own property, also to bring notice to the accused of the particular offense for which he is called to answer and to bar subsequent prosecution of the accused for the same offense." State v. Nelson, 362 Mo. 129, 240 S.W.2d 140, 142 [2]; 52 C.J.S. Larceny § 79a. The strictness with which the rule has been applied in this state is illustrated in State v. Hammons, 226 Mo. 604, 126 S.W. 422, in which an information for burglary and larceny charging that defendant broke

---

1. It is interesting, if not a coincidence, that this is the first point in appellant's brief.

2. "In a larceny indictment the ownership of the stolen property may be charged either in one who was rightfully in possession as special owner, as, for example, consignee, carrier, or the like, * * * or in the general owner." State v. Nicoletti, 344 Mo. 86, 125 S.W.2d 33, 36.

into "a storehouse belonging to the estate of J. W. Johnson, deceased" was held insufficient to sustain a conviction because it did not charge the ownership of the burglarized store in any person capable of owning the same.

The state contends that the phrases "the owners" and "the said owners" appearing in the information cannot be read as referring to anything other than Baiotti and Gasperi, Inc. We are not so persuaded. "Charges of a criminal indictment or information should be pleaded with definiteness and certainty, and nothing of substance should be left to intendment or implication. State v. Herndon, 339 Mo. 283, 96 S.W.2d 376, 379 [2]; State v. Stringer, 357 Mo. 978, 211 S.W.2d 925, 929 [9]; State v. Barnes, 281 Mo. 514, 220 S.W. 848, 849 [1]." State v. Harris, supra, 313 S.W. 2d, l. c. 669 [2]. A fatal deficiency such as this cannot be supplied by intendment or implication. State v. Harris, supra, 313 S.W.2d, l. c. 670, 671 [7].

· The information having been fatally defective we will not examine the sufficiency of the verdict, judgment and sentence because without a valid information these questions are no longer live issues and a discussion of them would constitute obiter dictum. Reversal and remand in this situation, rather than reversal without remand, is the appropriate order. State v. Harris, supra.

The judgment is reversed and the cause remanded.

HIGGINS, C., concurs.

WELBORN, C., not sitting.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All concur.