James Cornelius DeLUCA, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 55703.

Supreme Court of Missouri,
Division No. 1.

March 8, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied
April 12, 1971.

Everett S. Van Matre, Mexico, Mo., for movant-appellant.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

WELBORN, Commissioner.

Appeal from denial of relief in proceeding under Supreme Court Rule 27.26, V.A. M.R., to set aside conviction and sentence upon jury trial of 18 years' imprisonment for robbery in the first degree. The judgment of conviction was affirmed on a prior direct appeal to this Court. State v. DeLuca, 448 S.W.2d 869.

The points raised by appellant in this proceeding relate to the sufficiency of the information to invoke the Second Offender Act, under which appellant was sentenced, and to charge the offense of robbery in the first degree.

The information reads as follows:

"Thomas I. Osborne, on his official oath as the Prosecuting Attorney of Audrain County of the State of Missouri, informs the Court that in said County on or about the 21st day of February, 1968, the defendant James Cornelius DeLuca willfully and feloniously committed the offense hereinafter stated.

"Said defendant took property, to wit, money, from Universal C.I.T. Credit Corporation, through its employee and agent, James R. Hayden, in the presence of said Hayden and against his will, by putting him (said Hayden) in fear of some immediate injury to his person.

"FORMER CONVICTION

"As facts for consideration by the trial judge in determining the punishment that the defendant, James Cornelius DeLuca, shall receive for the offense that he is charged herein with having committed on or about the 21st day of February, 1968, this informant, on his oath as said Prosecuting Attorney and according to his information and belief, states that on or about October 24, 1960, in the Circuit Court of Jackson County in the State of Missouri, said defendant was convicted of having committed the crime of robbery, first degree and was subsequently imprisoned therefor in the Missouri Department of Corrections.

"WHEREOF the informant asks the judgment of the Court."

Appellant contends that the second offender allegation is insufficient because it fails to aver that appellant was *sentenced* in the Jackson County case. The Second Offender Act, § 556.280, RSMo 1969, V.A. M.S., by its terms, applies to a "person convicted of any offense punishable by imprisonment in the penitentiary, * * * [who] shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, * * *."

The substantive charge of the information is claimed to be defective because it does not state the ownership of the property taken and does not charge that the property was taken from the person of the agent as required by § 560.120, RSMo 1969, V.A.M.S.

This proceeding is, of course, a collateral attack upon the judgment of conviction. Although prior cases in this Court have not made particular note of the scope of permissible attack in such a proceeding against the sufficiency of an indictment or information (see State v. Garner, Mo.Sup., 432 S.W.2d 259; State v. Ball, Mo.Sup., 432 S.W.2d 265), it is important to recall the nature of the remedy which Rule 27.26 provides in a case such as this. As this Court has pointed out, the scope of collateral attack under Rule 27.26 is generally that permitted in habeas corpus proceedings. State v. Shell, Mo.Sup., 299 S.W. 2d 465, 467 [1]; State v. Rutledge, Mo. Sup., 317 S.W.2d 365, 366 [1]. Federal courts view the remedy under 28 U.S.C.A. § 2255, upon which our Rule 27.26 is patterned, in the same light. Cardarella v. United States, 8th Cir., 351 F.2d 443, cert. den., 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534; Holt v. United States, 8th Cir., 303 F.2d 791, cert. den., 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132. In Cain v. United States, 8th Cir., 349 F.2d 870, 872, the court, in considering, under § 2255, an attack upon an indictment, stated:

"Palomino (v. United States, 9th Cir., 318 F.2d 613) declared (p. 615) that the lack of specific allegation that the defendant had knowledge of the illegal importation did not make the indictment in that case so defective as to leave the conviction subject to collateral attack, because the conspiracy to receive and conceal charged against the defendant had been alleged to be 'in violation of section 174,' and this was a 'necessary inclusion of that element.'

"The opinion added (p. 616): 'It is the general rule that an indictment, not questioned at trial or on direct appeal, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had. * * * We do not believe that * * * the instant indictment is defective in this sense. All of the essential elements were either alleged or are necessarily to be implied from what was alleged.'

"[2]  This is in harmony with the view expressed by us in Keto v. United States, 189 F.2d 247, 251 (8 Cir. 1951), and in subsequent cases which need not here be enumerated, that the sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of 'large importance,' that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction."

See Taylor v. United States, 8th Cir., 332 F.2d 918, 919–920 [1]; Link v. United States, 8th Cir., 352 F.2d 207, 209–210 [1–3]; Hall v. United States, 4th Cir., 410 F.2d 653, 659–660.

In Tucker v. Kaiser, Mo.Sup., 176 S.W. 2d 622, 624 [3], the Court, in discussing the scope of permissible attack in habeas corpus upon the validity of an information, stated:

"We next take up the five more specific assignments. But first let us say that although the last (eighth) assignment above charges the information was so fatally defective as to deprive the circuit court of jurisdiction, yet when viewed on their merits, it appears the assignments were drawn on the theory that every point which may be raised on demurrer to an information, before trial, can also be utilized in attacking it by habeas corpus after judgment and sentence; and this notwithstanding the alleged errors were not called to the attention of the trial court at the time, and no appeal was taken. But this, of course, is not true; if it were, there would be no end to criminal litigation. In this very case we heard the petitioner on a writ of habeas last June, in which proceeding four of the same points were raised that are presented in assignments 2, 4, 6, and 7 here—though it is true the

former proceeding was based on the original information.

"Our statute of jeofails, Sec. 3952, provides that (parentheses ours): 'no indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be stayed, arrested or in any manner affected: * * * for any * * * defect or imperfection (of the nature mentioned therein) which does not tend to the prejudice of the substantial rights of the defendant upon the merits: Provided, that nothing herein shall be so construed as to render valid any indictment (or information) which does not fully inform the defendant of the offense of which he stands charged.' In other words, after verdict it must lack some *essential* averment so that it would not bar another prosecution for the same offense. State v. Toombs, 324 Mo. 819, 833, 25 S.W.2d 101, 107(9); State v. Biven, Mo.Sup.Div. 2, 151 S.W.2d 1114, 1118(10)."

■ Looking at the information here in the light of the foregoing, the omission of the allegation that appellant was "sentenced" on the Jackson County charge cannot be considered a fatal defect. The information charged that he was convicted and imprisoned. There could have been no imprisonment in the absence of sentencing. The record of the Jackson County proceeding showed sentencing and judgment. The language of the information reasonably construed for purpose of this collateral attack adequately embodies the necessary elements of a second offender charge. See State v. Townley, 147 Mo. 205, 48 S.W. 833. The cases of State v. Martin, Mo.Sup., 441 S.W.2d 376, and State v. Miller, Mo.Sup., 427 S.W.2d 506, were direct appeals involving sufficiency of second offender charges. There was no basis in the informations there involved for the inference that the omitted element, i. e., imprisonment, etc., was present.

■ Appellant's second contention is that the information is fatally defective because it fails to state the ownership of the money charged to have been taken.

Appellant relies upon two cases in which charges of larceny were held inadequate on the grounds here stated. In State v. Ellis, 119 Mo. 437, 24 S.W. 1017, an indictment for larceny charged that defendant, "from one J. J. Williams, then and there being, did certain neat cattle, to wit, two heifers, unlawfully and feloniously take," etc. A motion to quash the indictment for failure to allege ownership of the property was overruled. A motion in arrest, after verdict, was overruled. On appeal, the indictment was held "fatally defective in that it does not aver the ownership of the property. It should have averred, after describing the cattle, 'of the property of one J. J. Williams, then and there being found, feloniously did steal, take, and carry away.' * * * The indictment nowhere avers who was the owner of the property, except inferentially." 24 S.W. 1017.

In State v. Cantrell, Mo.Sup., 403 S.W. 2d 647, an information in a stealing case charged that the defendant took $100 "from the premises of Baiotti and Gasperi, Inc. of Novinger, Missouri, without the permission or consent of the said owners thereof," etc. The information, on appeal after verdict of guilty, was held fatally defective for failure to aver ownership of the property allegedly stolen. Principal reliance was upon State v. Ellis, supra.

Appellant contends that, inasmuch as robbery is an unlawful taking of property involving force or threats, those cases are authority for holding the information fatally defective for failure to charge ownership of the property taken. Appellant points to the statement of the court in Cantrell that ownership of the property stolen is an *"essential constituent element"* of the offenses, which may not be supplied by intendment or implication.

The trial court here concluded in the 27.26 proceeding that a charge that property was taken *from* a corporation is equivalent to a charge that the property taken was the property of the corporation.

Persons of reasonable intelligence reading this information would recognize the

offense which it charged. The basic purpose of an indictment or information is to inform the defendant of the charge against him. Defendant went to trial on this information and appealed his conviction to this Court without any hint of complaint that he was not aware of the charge against him. Avoidance of a second charge for the same offense is frequently stated as a reason for the rule that constituent elements of the offense may not be supplied by intendment. See State v. Cantrell, supra, 403 S.W.2d 650; State v. Nelson, 362 Mo. 129, 240 S.W.2d 140, 142 [1–3]. There could be no doubt that the information and judgment in this case would preclude a charge of taking money, *the property* of Universal C.I.T., on February 21, 1968, by placing its agent, Hayden, in fear of injury to his person. Finally, the necessity of laying ownership of the property is said to be required in order to avoid charging a defendant with taking his own property. If the charge here reasonably means that defendant took property of Universal C.I.T., the possibility that it was defendant's property was adequately negatived.

The allegation here is more reasonably susceptible to such meaning than was the charge of taking "from the premises of A," found insufficient in Cantrell. The Cantrell language would raise doubt as to whose property was taken. Here, however, the charge is taking money *from* Universal C.I.T. Money could not have been taken from C.I.T. unless C.I.T. had at least a possessory interest in it. For purposes of this collateral attack, the information adequately charges that the money was the property of Universal C.I.T. State v. Ellis, supra, is not controlling in this collateral proceeding. The information colorably charged an offense known to the law and was sufficient to place the judicial mind in motion. State ex rel. Walker v. Dobson, 135 Mo. 1, 36 S.W. 238, 241.

This construction of the information ↓is not prejudicial to the appellant who went to trial upon it without question. He was adequately informed of the charge and is not subject to a second trial for the same offense. Litigation should end sometime and a retrial of defendant under an information charging that he stole property of Universal C.I.T. would afford appellant no right or defense which was not possible under the information under review.

■ As for the contention that a charge of first degree robbery may not be based upon a taking of money of the principal in the presence of the agent, that question is answered by State v. Craft, 299 Mo. 332, 253 S.W. 224, 227 [3, 4]. There the Court stated: "In addition, it is not necessary to the validity of the information that the money be alleged to have been taken 'from the person' of the assistant cashier. It is charged that the taking was in his presence and against his will. This with the other allegations employed constitutes a sufficient compliance with the statute."

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HOLMAN and BARDGETT, JJ., concur.

SEILER, P. J., concurs in result.