**STATE of Missouri, Plaintiff-Respondent,**

v.

**Andrew Jackson SALES, Defendant-Appellant.**

**No. 11240.**

Missouri Court of Appeals, Southern District, Division Three.

Sept. 13, 1979.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 9, 1979.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Kenneth G. Gibbar, Benton, for defendant-appellant.

GREENE, Judge.

On November 15, 1978, defendant Andrew Jackson Sales was convicted, after jury trial, in Scott County, Missouri, of the crime of burglary in the second degree, § 560.070, RSMo 1969, V.A.M.S. After the trial, defendant was asked by the trial judge if he wanted to file a motion for a new trial, and defendant replied affirmatively. The trial judge then said, "We will grant the defendant ten days within which to file a motion for new trial and will set the motion for hearing on Thursday, November 30th, and we'll also set that date for sentencing if necessary". Defendant did not file a motion for new trial until November 30, 1978. No extension of time for filing of the motion had been requested by defendant or granted by the trial court.

On December 4, 1978, the trial court overruled the out-of-time motion and sentenced defendant to 7 years in the custody of the Missouri Department of Corrections, pursuant to the second offender act. Defendant then appealed.

As grounds for appeal, defendant asserts that the trial court erred 1) in overruling defendant's motion to quash the jury panel for the reason that it did not represent a fair cross segment of the community; 2) in finding that defendant was a second offender in that there was no evidence that defendant had been imprisoned prior to the filing of the charge in this case; 3) by not declaring a mistrial by reason of prejudicial remarks made by the prosecuting attorney in his opening statement and 4) in his closing argument.

A motion for new trial must be filed before judgment and within 10 days after the verdict is returned. Rule 27.20(a). The verdict in this case was returned November 15, 1978, and the motion for new trial was not filed until November 30, 1978. The 10-day limitation set out in the rule is mandatory and can only be extended upon timely application to the trial court, which was not done here. *State v. Cantrell*, 403 S.W.2d 647, 649 (Mo.1966). Therefore, none of the four points raised by defendant in his brief have been preserved for appellate review.

We decline to review under the plain error rule, Rule 27.20(c), as it is obvious, from reading the transcript, that defendant did not suffer from any manifest injustice or miscarriage of justice by reason of the rulings of the trial court.

We have reviewed the sufficiency of the information, verdict, judgment and sentence and find them proper.

The judgment is affirmed.

All concur.