**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Andrew Jackson SALES,
Defendant–Appellant.**

No. 11726.

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 24, 1980.

Motion for Rehearing or to Transfer to Supreme Court [filed Pro Se] Denied Oct. 14, 1980.

As Modified Nov. 18, 1980.

Application to Transfer Denied Dec. 11, 1980.

John D. Ashcroft, Atty. Gen., Paul M. Spinden, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Francis J. Siebert, Sikeston, for defendant–appellant.

PER CURIAM:

Charged as a second offender (§ 556.280),[1] defendant was jury–convicted of second degree burglary (§ 560.070) and court–sentenced to imprisonment for a term of seven years. § 560.095(2). In the first appeal in this cause [*State v. Sales*, 588 S.W.2d 511 (Mo.App.1979)], the judgment was affirmed. The opinion observed that none of the defendant's points relied on had been preserved for appellate review as his motion for a new trial had not been filed within the time required by Rule 27.20(a). Thereafter, and pursuant to defendant's Rule 27.26 motion, the judgment of conviction was set aside to permit the filing of a timely motion for a new trial. *Nicholson v. State*, 524 S.W.2d 106, 111[4] (Mo. banc 1975); *Ray v. State*, 532 S.W.2d 478, 483 (Mo.App.1975). When that motion was overruled and defendant had been sentenced to seven years of imprisonment, this appeal ensued.

Omitting only the citations of authorities, the points relied on in defendant's brief read as follows: "I  The court erred in overruling the defendant's motion for a new trial because Article I, Sec. 22b of the Missouri Constitution prevented the defendant from having a fair and impartial jury of a fair cross segment of the community. II  The process of selecting jurors from the rolls of property owners and registered voters was a direct infringement upon the defendant's guaranteed constitutional rights. III  The systematic exclusion of persons poorly versed in the English language and persons eighteen through twenty years of age from the jury panel is a direct infringement upon defendant's guaranteed constitutional rights. IV  Court erred in overruling the defendant's motion for a new trial

1. References to statutes and rules are to Revised Statutes of Missouri 1969 and to Missouri Supreme Court Rules of Criminal Procedure, V.A.M.R.

because the finding that the defendant was a second offender under Sec. 556.280 RSMo was erroneous. There was no evidence that the defendant had been imprisoned. V Court erred in overruling the defendant's motion for a new trial because in the opening statement the assistant prosecuting attorney referred to the fact that the defendant made no statement at the time of his arrest. VI Court erred in overruling defendant's motion for a new trial because the court failed to declare a mistrial and failed to inform and instruct the jury to disregard comments made by the assistant prosecuting attorney in his closing argument and also allowed the assistant prosecuting attorney to exceed the scope of cross examination by showing details of a prior conviction. VII The court erred in overruling the defendant's motion for a new trial because the defendant was denied effective assistance of counsel in violation of his constitutional rights under Article I Secs. 10 and 18(a) of the Missouri Constitution and the Sixth and Fourteenth Amendments of the United States Constitution. VIII The lower court's overruling of the defendant's motion for a new trial constituted an abuse of discretion and requires this court to reverse the decision of the lower court and grant the defendant a new trial."

■ The points relied on in defendant's brief, mislabeled "Points and Authorities Relied On", have been repeated verbatim et literatim, supra, so the reader may discern that they were penned in utter disregard of the mandatory requirements of Rule 30.-06(d). Points relied on I, II and III are simply what purport to be abstract declarations of law and conclusionary assertions that preserve nothing for appellate review. State v. Zinn, 562 S.W.2d 784, 790[15] (Mo. App.1978). The points do not undertake to demonstrate "wherein and why" the cited constitutional section "prevented the defendant from having a fair and impartial jury of a fair cross segment of the community", or "wherein and why" the "process of selecting jurors from the rolls of property owners and registered voters" infringed defendant's unnamed constitutional rights or "wherein and why" the exclusion of illiterates and persons 18 to 20 years of age from jury service violated some unspecified constitutional right of the defendant. Appellate courts possess no duty to seek through the transcript on appeal nor the argument portion of a defendant's brief to ascertain the intendments of points presented in an abstract and conclusory fashion. State v. Velas, 537 S.W.2d 881, 883[3] (Mo.App. 1976); State v. Freeman, 489 S.W.2d 749, 752[2] (Mo.App.1973).

■ As to point relied on IV, "wherein and why" there was no evidence that defendant had been previously imprisoned so as to prove him a second offender or "wherein and why" such evidence was required, is left for us to ponder and guess. Consequently, the point as written preserves nothing for appellate review. Nevertheless, and in excess of duty, we observe that under § 556.280, the state, in order to show defendant to be a second offender, must prove that he was convicted and sentenced to an offense punishable by imprisonment in the penitentiary. That burden is satisfied upon proof that defendant was convicted and sentenced for a felony as defined in § 556.020. Furthermore, the trial court can take judicial notice that the crime for which defendant was previously convicted and sentenced, i. e., felonious assault without malice aforethought § 559.190, was a mixed felony and that a felony, by definition, is an offense punishable by imprisonment in the penitentiary. The trial court in this case formally found and declared that defendant had, prior to the burglary charge, been convicted and sentenced for an offense punishable by imprisonment in the penitentiary and had, in fact, been "imprisoned in the County Jail of Scott County Missouri, for a period of one year." State v. Blackwell, 459 S.W.2d 268, 272[3] (Mo.Banc.1970); State v. Neighbors, 579 S.W.2d 690, 692[1–4] (Mo.App.1979). Point relied on IV has no merit.

■ Point relied on V, supra, is an overly broad and not quite accurate statement of what occurred and what was actu-

ally said by the assistant prosecutor during the giving of the state's opening statement. In the process of recasting how defendant was found hiding under a truck on the "burglarized" premises, the state's counsel recounted what a police officer said to the defendant to cause him to exit from his place of hiding and that after this had been done, "He said nothing further." Prior to making the quoted statement, the prosecutor had made no reference to the fact that defendant had not previously made any utterances. After the state's opening statement had been completed, defendant's counsel objected to the quoted portion thereof and moved for a mistrial because the state had "referred to the ·defendant not making any statement when he was arrested." In overruling the motion the trial judge observed that he understood the attorney "was referring to the police officer." A comment in an opening statement which is not a direct and certain reference to the failure of the defendant to speak, does not warrant the granting of a mistrial or a new trial. As above–quoted, the prosecutor's statement does not directly and with certainty refer to the failure of defendant to speak when arrested and, when taken in context with the other portions of the opening statement, was understood by the trial judge as having reference to the police officer. The point is denied. *State v. Hodges*, 586 S.W.2d 420, 424–425[2–5] (Mo.App. 1979). But even assuming, which we do not, that the statement referred to defendant's silence, objections to a prosecutor's opening statement must be timely made, and when, as here, the objection is not made until after the state's opening statement has been concluded, the objection comes too late to preserve the point for appellate consideration. *State v. Robb*, 439 S.W.2d 510, 514[6] (Mo.1969); *State v. Olson*, 560 S.W.2d 71, 73[4] (Mo.App.1977).

In reference to points relied on VI, VII and VIII, they are presented in a most blatant abstract and conclusory fashion contrary to the mandates of Rule 30.-06(d). Point VI does not undertake to enlighten us concerning what comments were made by the prosecutor in his closing argument of which defendant now complains. To ascertain what comments were made and "wherein and why" they are claimed to be erroneous, would require our examination of the transcript on appeal and an exploration through the argument section of the brief. These are chores we are not constrained to do. *State v. McMillin*, 581 S.W.2d 612, 615[3] (Mo.App.1979). Moreover, the concluding portion of point VI preserves nothing for review upon this appeal because no attempt is made to demonstrate "wherein and why" it was error to permit the state to elicit details of prior convictions of the defendant. *State v. Tsiboukas*, 584 S.W.2d 438, 439[2] (Mo.App. 1979). As to points relied on VII and VIII, they demonstrate no effort whatsoever to explain "wherein and why" defendant was denied effective assistance of counsel in violation of his constitutional rights or "wherein and why" denial of defendant's motion for a new trial constituted an abuse of discretion. Points relied on which are simply splayed across the pages of an appellant's brief in Gatling gun fashion at no precise discernible object, do not require a search among the scatter shots to ascertain what specific errors were intended as targets. *State v. Perry*, 565 S.W.2d 841, 843[1] (Mo.App.1978).

The state made an extremely strong case against the defendant. As observed previously, defendant was caught red–handed, so to speak, hiding from the searching authorities on the "burglarized" premises. We find no error, plain or otherwise, and no error respecting the sufficiency of the information, verdict, judgment or sentence. Rule 30.20. The judgment is affirmed.

All concur.