**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ed FLETCHER, Defendant-Appellant.**

No. 14030.

Missouri Court of Appeals,
Southern District,
Division Two.

April 28, 1986.

Motion for Rehearing and Transfer
to Supreme Court Denied
May 9, 1986.

Application to Transfer Denied
June 17, 1986.

Kathleen Murphy Markie, Public Defender, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., John Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

A jury found the defendant guilty of one count of kidnapping by confining T.C.W. by forcible compulsion for the purpose of terrorizing him. § 565.110, RSMo 1978. The jury also found the defendant guilty of five counts of deviate sexual intercourse by forcible compulsion. § 566.060, RSMo Cum.Supp.1984. The jury assessed the punishment on each count at imprisonment for 15 years. The court ordered the sentences to run consecutively. The defendant presents four points of error.

■ In considering and recounting the evidence, this court is to accept as true the evidence, and reasonable inferences to be drawn therefrom, favorable to the verdict, and to reject the evidence and inferences to the contrary. *State v. Cooper,* 673 S.W.2d 848 (Mo.App.1984). When the evidence is so viewed, the following is a preliminary outline of the basic facts. On the evening in question, T.C.W. was walking north on Highway 71 in Neosho. The defendant, an admitted homosexual, and William Leslie (Bill) Mudd, also a homosexual, gave him a ride in a pickup truck. They turned off on a side road, removed T.C.W.'s clothes and forced him to commit an act of oral sodomy upon Mudd. They then forced him onto the floorboard of the pickup and covered his head with a blanket. He was then compelled to perform an act of oral sodomy upon the defendant.

After driving to the house where the defendant and Mudd lived, the duo forced T.C.W. into that house. The blanket was removed. T.C.W. was blindfolded by and his hands and ankles were bound by duct tape. During some of the episodes detailed in evidence, his ankles were freed. Within the next few hours, T.C.W. was forced to submit to 12 additional acts of deviate sexual intercourse by his captors. Those interested in a more detailed statement of the facts may see the companion case of *State v. Mudd,* 703 S.W.2d 63 (Mo.App. 1986).

■ The defendant's first point is that the trial court erred in permitting one Robert Hance to testify concerning a prior sexual act inflicted upon Hance by the defendant and Mudd. Hance gave identical testimony in the companion case against Mudd. Mudd raised this same point on appeal. The basis for the denial of that point when presented by Mudd is applicable to defendant's first point. That point is denied. *State v. Mudd,* supra.

■ The defendant also states a second point in terms identical to a point stated by Mudd. That point is:

The trial court committed plain error in failing to distinguish the acts of sodomy charged against appellant because the convictions of those charges constituted a manifest injustice in that the evidence, considered in the light most favorable to the state, tended to establish that at least fourteen acts of deviate sexual intercourse had occurred,....

The point as stated fails to set forth by what action the trial court failed to distinguish "the acts of sodomy charged against the defendant." "Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule." Rule 30.06(d). The point is properly denied upon the basis of such noncompliance. *State v. Sales,* 610 S.W.2d 652 (Mo. App.1980).

Moreover, even considering the instructional error asserted in argument, this point does not establish a basis for reversal. Two of the instructions submitted the defendant's guilt by MAI–CR 2d 20.08.1. Three of the verdict directing instructions submitted the defendant's guilt by acting together with Mudd by MAI–CR 2d 20.08.1 modified by MAI–CR 2d 2.12. The defendant's argument is that the instructions did not submit sufficient detail to distinguish one act from another.

■ The defendant did not preserve the argument he presents by objection to the

instructions or by requesting a tendered instruction. Nor did he voice that complaint in his motion for new trial. His argument is limited to "plain error." Rule 29.11. Plain error is not established unless the trial court has so misdirected or failed to instruct the jury so as to cause manifest injustice or miscarriage of justice. Rule 29.12(b); *State v. Pearson,* 647 S.W.2d 898 (Mo.App.1983).

■ The argument the defendant presents has been found to be without merit in *State v. Mudd,* supra; *State v. Trimble,* 654 S.W.2d 245 (Mo.App.1983); *State v. Doney,* 622 S.W.2d 227 (Mo.App.1981); *State v. Woodfin,* 559 S.W.2d 273 (Mo.App. 1977). His reliance upon *State v. Mitchell,* 704 S.W.2d 280 (Mo.App.1986) is misplaced. In *Mitchell,* the defendant had been denied a bill of particulars and had preserved his point by objection, by motion and in his motion for a new trial. Viewed favorably to the verdict, the evidence in this case established five acts of deviate sexual intercourse personally accomplished by the defendant. It established nine acts accomplished by Mudd, aided by the defendant. The defendant sought acquittal by his testimony that the victim consented. The failure to specify the time of each offense did not hinder the defendant from presenting this defense. In view of the evidence, there is no omission from the instructions that caused a manifest injustice or miscarriage of justice. *State v. Mudd,* supra. Cf. *State v. Stuckey,* 680 S.W.2d 931 (Mo. banc 1984).

■ By a third point, the defendant contends a different instructional omission was prejudicial error. Each of the six verdict directing instructions used the term "forcible compulsion." By a separate instruction, the court defined forcible compulsion. That definition contained the term "serious physical injury." Defendant contends there was prejudicial error because the court did not define serious physical injury.

In support of this point, the defendant cites the Notes on Use to MAI–CR 2d 20.-08.1, which was used to submit the five

counts of deviate sexual intercourse. Those Notes on Use declare the definition of serious physical injury to be mandatory. The defendant observes that the Notes on Use to MAI–CR 2d 19.02.2, which was used to submit the offense of kidnapping, mandates the definition of forcible compulsion, but does not mandate the definition of serious physical injury. Nevertheless, the defendant contends the failure to define serious physical injury also causes the latter instruction to be erroneous.

For the purpose of this case, the difference in the two "Notes on Use" does not require that the instructions submitting deviate sexual intercourse and the instruction submitting kidnapping be considered separately. It may be assumed the failure to define serious physical injury in respect to all of the instructions "shall constitute error, its prejudicial effect to be judicially determined." Rule 28.02(e).

Not every instructional omission constitutes reversible error. It has been repeatedly declared that prejudicial error occurs where a jury "may have been adversely influenced by an erroneous instruction or by the lack of an instruction required by statute." *State v. Betts,* 646 S.W.2d 94, 98 (Mo. banc 1983). The defendant relies upon *State v. Rodgers,* 641 S.W.2d 83 (Mo. banc 1982) and *State v. Ogle,* 627 S.W.2d 73 (Mo.App.1981). Those cases are not controlling. In *Rodgers,* the court did not define forcible compulsion. In *Ogle,* there was evidence from which it could be inferred the defendant threatened physical injury as distinguished from serious physical injury.

In this case, in respect to the victim's confinement and the initial six acts of deviate sexual intercourse, there was no evidence of a threat. All of the evidence was that these offenses were accomplished by "physical force that overcomes reasonable resistance." § 556.061(12), RSMo Cum. Supp.1984. The latter eight instances of deviate sexual intercourse were committed after the defendant had been blindfolded and bound hand and foot by duct tape and placed in the bathtub. Those acts occurred

after the threat was made that his throat should be cut so Mudd could watch him bleed to death in the bathtub. The victim testified, "I thought I was going to get killed." The issues before the jury were whether or not the offenses had been accomplished either by physical force or by the threat of death. The issue of a threat of serious physical injury was not before the jury. The failure to define that term was not prejudicial error. *State v. Pearson*, supra. Cf. *State v. Stuckey*, supra; *State v. Chaney*, 663 S.W.2d 279 (Mo.App. 1983).

 The defendant's last point is that each conviction must be reversed because it was not established the victim was confined by forcible compulsion or participated in deviate sexual intercourse because of forcible compulsion. In argument under that point, the defendant emphasizes inferences that could conceivably be drawn from isolated bits of testimony to favor acquittal. He repeatedly stresses the failure of the victim to expressly state the defendant and Mudd overcame his resistance to their actions. The defendant's last point is without legal or factual foundation.

As noted, this court is to accept as true the evidence, and reasonable inferences to be drawn therefrom, favorable to the verdict. *State v. Cooper*, supra. An example of that evidence is a portion of the victim's testimony concerning the initial act of deviate sexual intercourse. When the victim was standing in a country road, Mudd grabbed him in a headlock, the defendant grabbed him from behind, and the two removed his clothes. They then made him participate in an act of deviate sexual intercourse with Mudd. They then forced him onto the floorboard of the truck and covered him with a blanket. After another forced act of deviate sexual intercourse, they drove him to their house where he was blindfolded and bound hand and foot with duct tape. In describing the actions of the defendant and Mudd, the victim repeatedly stated they were violent, "rough," and he was "mashed," "jerked," "pulled," "pushed," "forced," and "grabbed." It was after that conduct Mudd threatened to cut his throat and watch him bleed to death in the bathtub.

Viewed favorably to the verdict, the victim's testimony inferentially and directly establishes the initial acts were accomplished by physical force. The jury was also entitled to find that after the brutal and degenerate acts of the defendant and Mudd, the threat to cut the victim's throat was a terrifyingly realistic threat of death. The defendant's last point is patently without merit. The judgment is affirmed.

PREWITT, C.J., HOGAN, P.J., and CROW, J., concur.