STATE of Missouri,
Plaintiff–Respondent,

v.

Riley COX, Defendant–Appellant.

No. 15360.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 3, 1987.

James M. Kelly, Republic, for defendant-appellant.

Steven A. Privette, Asst. Pros. Atty., West Plains, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant Riley Cox guilty of property damage in the second degree, § 569.120,[1] a class B misdemeanor, and the trial court imposed a fine of $500. Defendant appeals.

Defendant does not challenge the sufficiency of the evidence to support the verdict. The state's evidence showed that defendant's house was located north of County Road 194 in Howell County and that the road ran east and west. The "actual road bed" was 20 to 24 feet wide and the right-of-way was 60 feet. On March 24, 1986, the defendant plowed three furrows on the north half of the road, "out into the road itself, the part that's commonly used for travel." The furrows were about half a mile in length and the county incurred expenses of $889.24 in repairing the damage. Defendant, testifying in his own behalf, admitted that the county had maintained the road "that entire time you've lived there," that is, since 1962.

Defendant's first point is that the information is fatally defective in that it "failed to advise the defendant of the offense with which he was charged, and failed to charge the defendant with the commission of a criminal offense in that said information failed to allege that the property which was damaged was owned by someone other than defendant."

A person commits the crime of property damage in the second degree if "he knowingly damages property of another." § 569.120.1(1). Chapter 569, with respect to § 569.120, contains no definition of the word "property," but it does define "of another."

Section 1.020 reads, in pertinent part:

"As used in the statutory laws of this state, unless otherwise specifically provided or unless plainly repugnant to the intent of the legislature or to the context thereof:

\* \* \* \* \* \*

(14) 'Property' includes real and personal property."

Section 569.010 reads, in pertinent part:

"As used in this chapter the following terms mean:

(3) 'Of another', property is that 'of another' if any natural person, corporation, partnership, association, governmental subdivision or instrumentality, other than the actor, has a possessory or proprietary interest therein."

In addition to its formal portions, the information charged that the defendant "in violation of Section 569.120, RSMo, committed the class B misdemeanor of property damage in the third degree,[2] punishable upon conviction under Sections 558.011.1(6) and 560.016, RSMo, in that on or about the 24th day of March, 1986, in the County of Howell, State of Missouri, *the defendant knowingly damaged a portion of County Road #194, by plowing three furrows along the north side said county road for a distance of approximately one-half mile.*"[3] (Emphasis added.)

---

1. All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Defendant's brief points out that § 569.120 was amended, effective March 17, 1986, to change the designation of the offense from "property damage in the *third* degree" to "property damage in the *second* degree." Before and after the amendment, the offense defined in the statute was a class B misdemeanor. Defend-
ant's brief says: "The elements of the offense under § 569.120 remain unchanged. For that reason, the defendant is unable to demonstrate any prejudice resulting from this error."

3. Defendant makes no complaint with regard to the omission of the word "of" between the words "north side" and the words "said county road," as set forth in the information. That is an obvious typographical error which would not invalidate the information. See Rule 23.11.

"There can be no trial, conviction or punishment for a crime without a formal and sufficient accusation. *State v. McKinley*, 341 Mo. 1186, 111 S.W.2d 115, 118 (1937). A court is without jurisdiction to try a person for an offense unless the offense has been charged by information or indictment." *State v. Handley*, 585 S.W.2d 458, 461 (Mo.1979).

Defendant argues: "Nowhere in the charge is there any allegation as to the owner of the 'portion of County Road # 194' upon which the damage was inflicted as required by MACH–CR 23.34."

The "pattern charges" contained in MACH–CR "are recommended and not required. MACH–CR 1.00." *State v. Mitchell*, 611 S.W.2d 223, 225[1] (Mo. banc 1981). "The fundamental test of the sufficiency of an information is whether or not it states the essential elements of the offense charged so that the defendant is adequately informed of the charge against him and the final disposition of the charge will constitute a bar to further prosecution for the same offense." Id.

In some circumstances an information has been held to be fatally defective where it failed to allege the ownership of the property involved. In *State v. Cantrell*, 403 S.W.2d 647 (Mo.1966), in a prosecution for stealing money in excess of $100, the information charged that the defendant stole "in excess of One Hundred ($100) Dollars lawful money of the United States, from the premises of Baiotto & Gasperi, Inc., of Novinger, Missouri, without the permission or consent of the said owners thereof, and with the intent to permanently deprive the owners of the use and possession thereof and to convert the same to his own use." The information was held to be fatally defective because it did not aver the ownership of the money. The court said that an information for larceny must set out the name of the owner of the property alleged to be stolen. The court also said that the purpose of charging ownership is to show that the title or ownership is not in the accused, as he cannot be held for converting his own property.

In *State v. Wells*, 585 S.W.2d 267 (Mo. App.1979), in a prosecution for tampering with a motor vehicle without the permission of the owner thereof, this court held an information to be defective where it did not allege the name of the owner of the vehicle. Citing *Cantrell*, the court said that the purpose of alleging ownership is to show that title or ownership is not in the accused and to give notice to the defendant of the particular offense for which he is being charged and to bar subsequent prosecution of him for the same offense.

"An ... information charging an offense against or involving, ... property may describe the ... property by the name or designation by which it is usually known...." Rule 23.02(c). A "county road" is a highway maintained by the county. Webster's Third International Dictionary. A highway, according to the same authority, is "a road or way on land or water that is open to public use as a matter of right, whether or not a thoroughfare, a public road or way, a road or way established and maintained (as by a state) in accordance with law."

The instant offense involved property, a public road. It seems indisputable that "County Road # 194" would be "the name or designation" by which this road "is usually known" in Howell County. It is implicit in the designation "County Road # 194" that the road was a highway maintained by the county and was open to public use as a matter of right.

The road was property "of another," under § 569.010(3), supra, because the county, a governmental subdivision "other than the actor," has a possessory or proprietary interest therein. The mere fact that defendant was a member of the public and a resident of the county did not make him, as an individual, the owner of the road.

Rule 23.11 reads, in pertinent part: "No ... information shall be invalid ... because of any defect therein which does not prejudice the substantial rights of the defendant." It is clear that the defendant was "adequately informed of the charge against him" and that the final disposition of the charge will constitute a bar to fur-

ther prosecution for the same offense. See *State v. Mitchell*, supra.

This court holds that the italicized portion of the information sufficiently advised defendant that he was charged with knowingly damaging property of another. Defendant's first point has no merit.

■ Defendant's second point seeks to challenge the language of the state's verdict-directing instruction, Instruction 5, on the same ground on which he based his challenge to the information, as discussed under his first point. Defendant's trial counsel, who was not defendant's counsel on this appeal, did not present this objection to Instruction 5 during the trial, nor is the objection contained in defendant's motion for new trial. Defendant's objection to Instruction 5 has not been preserved for appellate review, Rule 28.03, as defendant candidly concedes. Defendant requests plain error review. This court has reviewed the entire record. It is unnecessary to determine whether the objection, if it had been preserved, would have been well taken. No manifest injustice or miscarriage of justice has resulted, Rule 30.20, and no plain error appears.

Defendant's third point complains of the failure of the trial court to give, on its own initiative, MAI–CR2d 2.37.3(1)[4] and to have included a cross-reference thereto in Instruction 5, the state's verdict–director.

Section 569.130 reads, in pertinent part:

"1. A person does not commit an offense by damaging ... property of another if he does so under a claim of right and has reasonable grounds to believe he has such a right.

2. The defendant shall have the burden of injecting the issue of claim of right."

■ When the Criminal Code, of which § 569.130 is a part, uses the phrase "The defendant shall have the burden of injecting the issue," the issue referred to is not submitted to the trier of fact unless supported by evidence. § 556.051(1).

■ To support the giving of MAI–CR2d 2.37.3(1), it was not sufficient that defendant believed that he had a right to damage the road. Evidence of reasonable grounds for that belief was also required.

The only evidence to which defendant directs the attention of this court to support the giving of the instruction is the following: Defendant told the sheriff, after admitting that he had made the furrows in the road, that he was getting tired of the county taking his property; defendant told the sheriff he was going to put a fence in and move the property back to where he thought it was supposed to be; defendant told a county judge, prior to 1985, that part of his land was being taken from him; defendant's fence line had been moved twice to the north since 1962 for a total distance of seven or eight feet; an owner of a telephone company had placed a pedestal in a location shown in defendant's Exhibit J,[5] but did so only after obtaining defendant's permission.

The difficulty with defendant's position is that he did not introduce any evidence, by deed or otherwise, showing that he held legal title, or even color of title, to that portion of the road which he admittedly damaged. He offered no evidence showing the location of his true boundary line. He offered no evidence concerning the location

---

4. MAI–CR2d 2.37.3(1) reads:
"2.37.3 Mistake: Claim of Right
1. As to tampering and property damage. One of the issues (as to Count _____) (in this case) is whether the defendant [*description of what defendant allegedly did*] under a claim of right based on reasonable grounds to believe he had such a right. The state has the burden of proving beyond a reasonable doubt not only that the defendant [*description of what defendant allegedly did*] but also that he did not do so under a claim of right based on reasonable grounds.

If you find that the defendant believed and had reasonable grounds to believe [*belief which, if true, would provide claim of right, such as having the permission of the owner*] or if you have a reasonable doubt whether the defendant believed and had reasonable ground to believe [*belief*], then he was acting under a claim of right and must be found not guilty (under Count _____)."

5. Exhibit J has not been filed in this court.

of the damaged portion of the road with reference to his true boundary line. In short, although defendant may have believed that he had a right to plow the road, he adduced no evidence showing reasonable grounds for that belief. There was, therefore, no evidence to support the giving of MAI–CR2d 2.37.3(1) and the trial court committed no error in failing to give it. Defendant's third point has no merit.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.