**STATE of Missouri, Plaintiff–Respondent,**

v.

**Richard B. LYNCH, Defendant–Appellant.**

No. SD 31024.

Missouri Court of Appeals, Southern District, Division One.

Jan. 5, 2012.

Emmett D. Queener, Jefferson City, MO, for Appellant.

Chris Koster, Attorney General, and Robert J. Bartholomew, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Judge.

In his own words, Richard B. Lynch ("Defendant") "beat the crap out of" James Hagston's vehicle with a brand new Louisville Slugger baseball bat. He was found guilty by a jury of property damage in the first degree, a class D felony, in violation of section 569.100, and sentenced to serve one year in the county jail.[1] Defendant appeals, contending that the trial court committed plain error in failing to *sua sponte* modify the verdict-directing jury instruction to include the issue of "claim of right," which Defendant asserts was available to him under section 569.130. Finding no such error, we affirm the trial court's judgment.

Defendant alleges that he "was entitled to a 'claim of right' defense to the property damage because the evidence supported a reasonable belief that he had to engage in the acts to protect his son, and failure to submit a claim of right defense failed to properly instruct the jurors on the law, resulting in manifest injustice." Defendant concedes that this allegation was not preserved for appellate review in that trial counsel did not request an instruction asserting a claim of right, object to the verdict director submitted as Instruction 5, or include the failure to give such a modified instruction in Defendant's motion for new trial. *See State v. Cox,* 741 S.W.2d 74, 77 (Mo.App.1987). Accordingly, Defendant requests plain error review.

### Standard of Review

Rule 30.20 is no panacea for unpreserved error, and does not justify review of all such complaints, but is used sparingly and limited to error that is evident, obvious, and clear. Not all prejudicial error—that is, reversible error—can be deemed plain error. A defendant's Rule 30.20 burden is "much greater"—not merely to show prejudice, but manifest injustice or a miscarriage of justice—which in this context means outcome-determinative error.

We are not required to review for plain error; to do so is within our discretion. The two-step analysis is (1) did the trial court commit evident, obvious, and clear error affecting the defendant's substantial rights; and (2) if so, did such plain error actually result in manifest injustice or a miscarriage of justice? Unless a defendant gets past the first step, any inquiry should end. *State v. Smith,* 293 S.W.3d 149, 151 (Mo. App.2009) (internal quotations and citations omitted).

### Discussion

"To ascertain whether or not the omission of language from an instruction is error, the evidence is viewed in the light most favorable to the defendant and 'the theory propounded by the defendant.'" *State v. Westfall,* 75 S.W.3d 278, 280 (Mo. banc 2002). "If the evidence tends to establish the defendant's theory, or supports differing conclusions, the defendant is entitled to an instruction on it." *Id.* When the issue of instructional error has not been preserved for appeal, the defendant must establish that the trial court's alleged misdirection or failure to instruct affected the jury's verdict and rose to the level of manifest injustice or a miscarriage of justice. *State v. Williams,* 329 S.W.3d 700, 704–05 (Mo.App.2010). It is the defendant's burden to show that plain error has occurred.

1. All statutory references are to RSMo 2000, unless otherwise indicated.

*State v. Hall,* 321 S.W.3d at 453, 457 (Mo. App.2010).

▮ Relevant here, section 569.100 provides that "[a] person commits the crime of property damage in the first degree if ... [h]e knowingly damages property of another to an extent exceeding seven hundred and fifty dollars[.]" [2] Section 569.130 provides, in part, that "[a] person does not commit an offense by damaging ... property of another if he does so under a claim of right *and* has reasonable grounds to believe he has such a right." Section 569.130.1 (emphasis added). The defendant has "the burden of injecting the issue of claim of right." Section 569.130.2. This issue is not submitted to the trier of fact, however, unless it is supported by evidence. Section 556.051(1); *Cox,* 741 S.W.2d at 77. To support the submission of an instruction on a claim of right, "it was not sufficient that defendant believed that he had a right.... Evidence of reasonable grounds for that belief was also required." *Cox,* 741 S.W.2d at 77.

In *Cox,* the defendant plowed up part of a county road adjoining his property. *Id.* at 75. On appeal, he claimed the trial court plainly erred in not modifying, of its own initiative, the property damage verdict-directing instruction to require a jury finding on defendant's claim of right because of his subjective belief that the county had taken this land from him. *Id.* at 77. This court found no trial court error because:

> [t]he difficulty with defendant's position is that he did not introduce any evidence, by deed or otherwise, showing that he held legal title, or even color of title, to that portion of the road which he admittedly damaged. He offered no evidence showing the location of his true

boundary line. He offered no evidence concerning the location of the damaged portion of the road with reference to his true boundary line. In short, although defendant may have believed that he had a right to plow the road, he adduced no evidence showing reasonable grounds for that belief.

*Id.* at 77–78. Defendant's evidence here is similarly deficient.

▮ When asked on direct examination why he damaged Hagston's vehicle, Defendant stated, "I was tired of him." In further testimony, Defendant claimed that Hagston was a sexual predator who was getting his "mentally imbalanced" 17–year–old son drunk every night, kept his son out late into the morning hours, and provided him cigarettes and pornographic videos. Defendant testified that he was afraid for his son and further stated that Hagston had been previously warned "time after time" to stay off Defendant's property and to leave his son alone. Defendant further testified that he had called the police to complain "[m]any, many times .... [p]robably 20[,]" but "after a while it sank in that [the police were not] going to do anything."

While these allegations, if believed by the jury, support Defendant's subjective belief that he had a right to damage Hagston's vehicle, they do not support that such a belief was reasonable, as required by section 569.130.1. As in *Cox,* there was no evidence here that Defendant had title to, color of title to, or any belief, reasonable or otherwise, that he had any legal right by ownership, consent, or other legal process to damage the vehicle in question. In the absence of such evidence, Defendant failed to inject the claim-of-right issue

---

**2.** Defendant does not challenge in this appeal the evidentiary support satisfying the element of the offense that the damage he inflicted

upon Hagston's vehicle exceeded seven hundred fifty dollars.

as required by section 569.130.2, and the trial court did not err, plainly or otherwise, in failing to submit that issue to the jury. *See Cox,* 741 S.W.2d at 78. Defendant's point is denied.

### *Decision*

The trial court's judgment is affirmed.

BURRELL, P.J., and RAHMEYER, J., concur.