STATE of Missouri, Respondent,

v.

Terry WOODFIN, Appellant.

No. 38070.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 8, 1977.

Motion for Rehearing and/or Transfer Denied Dec. 16, 1977.

Application to Transfer Denied Jan. 9, 1978.

---

Morris E. Williams, Public Defender, Donald Joseph Hager, Asst. Public Defender, Hillsboro, for appellant.

John D. Ashcroft, Atty. Gen., Paul Otto, Nanette Laughray, Walter O. Theis, Asst. Attys. Gen., Jefferson City, Timothy J. Patterson, Pros. Atty., Dennis J. Kehm, Asst. Pros. Atty., Hillsboro, for respondent.

ALDEN A. STOCKARD, Special Judge.

Terry Woodfin was charged by information with selling marijuana to Police Detective Gerald Brindell (Count I) and to Police Detective John Schneider (Count II). He was found guilty by a jury of having made both sales, and he appeals from the ensuing judgment.

No challenge is made to the sufficiency of the evidence but a brief statement of the facts is necessary to a discussion of some of the issues.

Detectives Brindell and Schneider were employed by the St. Louis County Police Department and assigned to the Bureau of Drug Abuse of the Greater St. Louis Narcotics Task Force. At the request of the Sheriff of Jefferson County both officers went to that county to "investigate narcotics traffic." A jury reasonably could find that on March 8, 1974 the officers went to the Trophy Inn where Officer Schneider became acquainted with appellant and "discussed narcotics" with him. Officer Schneider received from appellant his home telephone number so he could call "whenever [he] wanted to buy some drugs." On March 22, Officer Schneider called appellant and arranged a meeting at a shopping center parking lot. At the appointed time officers Brindell and Schneider saw a tan colored Plymouth automobile in which there were four persons. The officers observed some form of a transaction between the occupants of the Plymouth and the occupants of two other vehicles. The Plymouth then left the area and Officer Schneider again called appellant's home. Shortly thereafter the tan Plymouth with four occupants, one being appellant, returned to the parking lot and Officers Schneider and Brindell each purchased from appellant two bags of marijuana for which each paid $30.

In Count I of the information appellant was charged with selling marijuana to Officer Brindell, and in Count II he was charged with selling marijuana to Officer Schneider. Instructions No. 5 and 6 were identical except for the reference to Count I or Count II and followed the form of MAI–CR 14.10. Each provided as follows:

"As to Count [I or II], if you find and believe from the evidence beyond a reasonable doubt:

First, that on March 22, 1974 in the County of Jefferson, State of Missouri, the Defendant sold a drug known as Marijuana, and

Second, that the defendant was aware of the character of the drug and intentionally and knowingly sold it, then you will find the Defendant guilty under Count [I or II] of the sale of a controlled substance.

\*    \*    \*    \*    \*    \*

If you do find the Defendant guilty under Count [I or II] of that offense you will fix his punishment \* \* \*."

The jury returned a verdict as to each count, and they were as follows:

"As to Count [I or II], We the jury, find Terry Woodfin guilty of the Unlawful Sale of a Controlled Substance, to-wit: Marijuana \* \* \* as submitted in Instruction No. [5 or 6] \* \* \*."

Appellant contends on this appeal that it was error to submit Instructions 5 and 6 in the form of MAI–CR 14.10 without modification because each instruction directed the jury "to return a verdict of guilty on both counts upon finding precisely identical ele-

ments as to each count * * *." Appellant also contends that the verdicts cannot support a judgment because each is "insufficient in that neither * * * can be made definite and certain as to the offense intended by reference to the pleadings and the instructions."

■ Appellant made no objection to either instruction or to the forms of verdict, and there is no assignment of error in the motion for new trial based on the contentions now asserted. Appellant contends that the submission of Instructions 5 and 6 constituted "plain error" within the meaning of Rule 27.26(c). Each followed the format of MAI–CR 14.10, and Rule 20.02(c) provides that whenever there is an MAI–CR instruction applicable under the law to the facts, it shall be given or used to the exclusion of any other on the same subject. The jury ordinarily is not informed of the contents of an information, and when, as in this case, a person is charged in separate counts with a separate sale of a controlled substance, the better practice would be to modify each instruction to identify the sale referred to other than by reference only to a count of the information.

■ The evidence referred to two alleged sales of marijuana by appellant; one to Officer Brindell and the other to Officer Schneider. There was no evidence of any other sale by appellant. In his testimony appellant admitted that two sales of marijuana took place, one sale to each officer, but he stated that the sales were made by another person in the automobile whom he did not know. In these circumstances it is not reasonable to speculate that the jury did not know and understand that each instruction referred to one of the two sales established by the evidence. The jury found that appellant made both sales. Each verdict was responsive to one of the instructions. Appellant is in no position to complain to the reference in the instructions to the counts of the information. The court orally instructed the jury, to which appellant's counsel agreed, that each form of verdict "will relate to Count I or Count II," and that the jury was to "return two

verdicts in this case; one verdict relating to Count I and one to Count II." We find no manifest injustice resulting from the instructions or the verdicts.

When the instructions were read to the jury, the trial court gave Instruction 7, which in its entirety was as follows:

"If you unanimously find the Defendant guilty you should fix his punishment. If, however, after due deliberation, you find the Defendant guilty but are unable to agree upon his punishment, you will complete the verdict form so stating, and in that event the Court will fix the punishment."

Apparently an attempt was made to give MAI–CR 4.50 in a modified form. But, there were two counts in this case, and the instruction omitted any reference to a finding of guilty of a particular count and the duty of the jury to fix the punishment as to that count. It also omitted a reference to the inability of the jury to agree on the punishment as to a particular count, and it totally omitted the fifth paragraph of MAI–CR 4.50.

Appellant made no objection to Instruction 7, and made no assignment of error pertaining to it in his motion for a new trial. He asserts that to give it was plain error within the meaning of Rule 27.20(c).

■ The instruction is so foreign to MAI–CR 4.50 we do not consider it to be an attempted modification. The essential issue is whether it was "plain error" resulting in manifest injustice for the court to give the jury such an instruction and we conclude that it was not.

Appellant argues that Instruction 7 suggested the "real controversy in the case is punishment and not guilt." We do not find this suggestion in the instruction. We note that the jury found appellant guilty of making the sale submitted in each verdict directing instruction, and that it fixed the punishment as to each offense at the minimum. Also, there is nothing in the instruction that is legally incorrect. We see no occasion for a trial court to fail to follow the approved and mandated forms of MAI–

CR, but we are convinced that manifest injustice did not result from Instruction 7.

■ Appellant next asserts that the trial court committed "plain error" in submitting Instructions 5 and 6 whereby the jury was authorized·to find appellant guilty of two offenses. He asserts "the evidence was insufficient to sustain a conviction [of] more than one violation" because the marijuana "was passed to two officers almost simultaneously" and there was but one sale.

Appellant recognizes in his brief that the precise issue was ruled adversely to his contention by this court in *State v. Gordon*, 536 S.W.2d 811 (Mo.App.1976), but he argues that "the rule  *  *  *  should be narrowed to exclude near simultaneous sales to undercover police officers." We do not agree, and we decline to disturb the scope of the ruling in the *Gordon* case. Clearly, no manifest injustice occurred.

By his fifth point appellant asserts plain error resulted when the court imposed judgment and sentence on the two verdicts because Instructions 5 and 6 "clearly and unavoidably subjected" appellant to multiple punishment for the same offense. He argues that each verdict is "based upon the finding of precisely identical facts."

■ We have previously held that the two sales constituted two offenses, not one, and we adhere to that ruling. We have also held that by reference in each instruction to Count I or Count II, each instruction referred to a different sale. Therefore, each verdict was not based upon a finding of identical facts. We find no error resulting in manifest injustice based on this contention.

By his sixth point, also based on plain error, appellant complains of (1) alleged improper cross-examination of one of his character witnesses, and (2) that the court failed to give MAI–CR 2.50.

Donna Blake, a witness for the defense, testified that she was acquainted with "a lot" of appellant's "acquaintances and friends" in the community. When asked if she was acquainted with his "reputation among those people," she replied that "everybody likes him" and they think he is "a good person." She also testified that "I think everybody trusts him" when asked if she knew his reputation for truthfulness. On cross-examination she was asked if her "opinion" would be affected if she knew he smoked marijuana or that "he drank." As to smoking marijuana, she replied, "I really couldn't say" and as to drinking she replied: "If he drank excessively or anything."

■ The court has considerable discretion in its control of cross-examination, and while there may be some ·question as to whether the questions on cross-examination related to knowledge of the witness of appellant's reputation in the community, the courts have consistently approved cross-examination of the nature as that in this case. See *State v. Wilson*, 248 S.W.2d 857 (Mo. 1952); *State v. McCoy*, 458 S.W.2d 356 (Mo. 1970); *State v. Meller*, 387 S.W.2d 515 (Mo. 1965).

Rule 26.02(6), which in substance follows the language of § 546.070(4), RSMo 1969, provides that in all criminal cases the court, whether requested or not, must instruct the jury in writing upon all questions of law necessary for their guidance in returning their verdict, which instruction "shall include, whenever necessary, the subjects of good character and reasonable doubt." The term "whenever necessary" as used in the statute and rule, "means that such an instruction is necessary only when there is substantial evidence tending to show the good character of the defendant." *State v. Moore*, 303 S.W.2d 60, 70 (Mo. banc 1957).

■ The testimony which appellant contends was sufficient to require such instruction is that of Donna Blake, referred to above. She first testified that she knew his "acquaintances and friends" in the community, and was then asked, "What is his reputation with these people?" Reputation for what? It could have been as to many things other than his character. Her answer that "everybody likes him" and that they think he is a good person" did not necessarily apply to his character. The other question, as to his reputation for truth-

fulness, does not put his character in issue. *State v. Underwood,* 530 S.W.2d 261 (Mo. 1975); *State v. Steely,* 327 Mo. 16, 33 S.W.2d 938 (1930). We seriously doubt that a reasonable interpretation of the testimony of Donna Blake required that the court instruct on good character. However, assuming that it did, we find no reversible error. The failure to give a required instruction does not, of itself, result in "manifest injustice or mis-carriage of justice" within the meaning of Rule 27.20(c), but that determination is to be made under the particular facts and circumstances of each case. *State v. Patterson,* 443 S.W.2d 104 (Mo. banc 1969). We have no hesitancy in stating that no manifest injustice or miscarriage of justice occurred in this case.

The last three points pertain to the validity of the sentence which was five years on each count. In imposing sentence the court expressly stated that in the exercise of its discretion it was directing that the sentences be served consecutively. Appellant contends that it was error to impose sentence without a presentence investigation, because (a) Rule 27.07 requires that a presentence report be made absent an order to the contrary, and (b) there was sufficient information available to indicate that concurrent sentencing, probation, or suspended sentence might be appropriate upon further investigation. He also contends that it was "unduly harsh to sentence [him] to a term of 10 years instead of 5 years."

Rule 27.07(b) provides that when a probation officer is available to any court having original jurisdiction to try felony cases, such probation officer shall, unless otherwise directed by the court, make a presentence investigation and report to the court before the imposition of sentence or the granting of probation. The record in this case does not reveal that such a report was or was not made, or whether the court did or did not direct that no report be made. It also does not appear from the record that a probation officer was available, but it is reasonable to assume that one was. ■ The use by the trial court of the information in such a report, or to have

such report submitted by the probation officer, is discretionary. *State v. Maloney,* 434 S.W.2d 487 (Mo.1968). Appellant argues that the record shows that he had but one previous conviction, for driving while intoxicated, and that he was twenty years old, and that in these circumstances it was an abuse of discretion for the court not to obtain more information by use of a presentence investigation before imposing consecutive sentences. As previously noted, the record does not indicate that the court did not do so, but assuming it did not, in view of the facts and circumstances of this case, we find no abuse of discretion on the part of the trial court in its imposition of sentence.

The judgment is affirmed.

SIMEONE, C. J., and NORWIN D. HOUSER, Special Judge, concur.