STATE of Missouri,
Plaintiff-Respondent,

v.

James Henry ALLEN, Jr.,
Defendant-Appellant.

No. 42799.

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied Nov. 10, 1981.

On appeal, defendant contends that (1) the court erred in denying his motion to dismiss the indictment because it failed to notify him adequately of the charge against him in that it did not contain sufficiently specific dates upon which the acts complained of occurred; (2) the evidence was insufficient to sustain the verdict; and (3) the court erred in admitting into evidence the results of the polygraph examination under stipulation of the parties.

We first consider the sufficiency of the indictment. The indictment charges that "JAMES HENRY ALLEN, JR. between January 1, 1979 and July 1, 1979, at the City of St. Louis aforesaid, in violation of Section 566.100, RSMo, committed the class D felony of sexual abuse in the first degree, punishable upon conviction under Sections 558.011.1(4) and 560.011, RSMo, in that the defendant subjected [C. D.], a person less than twelve years old, to sexual contact."

Defendant filed a motion for a bill of particulars asking for the specific conduct which formed the basis of the indictment and the specific dates upon which such conduct occurred. The State set out the conduct and as to the time stated, "[t]he specific dates of occurrence are unknown to plaintiff in that the victim is a 6 year old child and can only state that the criminal acts of defendant occurred frequently when her mother was not home, between the dates alleged in the indictment."

John Ashcroft, Atty., Gen., Kristie Green, Mark W. Comley, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

John T. McCaffrey, St. Louis, for defendant-appellant.

STEWART, Judge.

Defendant was convicted by a jury of the crime of sexual abuse in the first degree. § 566.100(2) RSMo 1978. He was sentenced to a term of five years in the Department of Corrections in accordance with the verdict of the jury.

The recent case of *State v. Healey*, 562 S.W.2d 118 (Mo.App.1978) closely parallels this case. That case involved child abuse which extended over a period of time. The indictment charged that the assaults took place "during the months of June, July and August." The court there held that the specific date and time of the assaults was not an essential element of the crime. As in *Healey* the indictment here follows the language of the statute. We are of the opinion that *Healey* is dispositive of this case and we hold the indictment to be sufficient.

Defendant next questions the sufficiency of the evidence to sustain the conviction. Although defendant acknowledges that the credibility of witnesses is for the jury, in his argument he primarily attacks the victim's credibility.

As required we view the evidence in the light most favorable to the State. *State v. Kelly*, 539 S.W.2d 106, 109 (Mo.banc 1976). The victim, aged 6, and her brother, aged 4, lived with their mother and defendant, her stepfather, on Bowen Street in St. Louis between January 1, 1979 and July 1, 1979. During that time the victim's mother went bowling every Monday evening while defendant stayed home with the children. It was on these occasions that defendant committed the conduct which forms the basis of the charge. It will serve no useful purpose to describe in this opinion the conduct of defendant. The transcript reveals that the victim's testimony was sufficiently detailed and explicit to permit a finding of violations of the statute under which defendant was convicted. *State v. Armoneit*, 588 S.W.2d 24 (Mo.App. 1979). We find no merit in this contention.

Defendant finally argues that the court erred in admitting into evidence the results of a polygraph examination of the defendant even though defendant and the State had agreed by stipulation to waive all objections to the use of the results of the examination in evidence. Defendant relies upon *State v. Biddle*, 599 S.W.2d 182 (Mo. banc 1980) which held that use of the results of a polygraph examination was inadmissible even when the parties entered into a stipulation that no objection will be made to the introduction of such evidence.

We note that defendant's brief was written prior to the date of *State v. Mason Walker*, 616 S.W.2d 48 (Mo. 1981) which holds that the rule in *Biddle* is to be applied prospectively. This case was tried on February 4, 1980; and under the rules of evidence being followed at that time, the questioned evidence was admissible.

Finding no error, the judgment of the trial court is affirmed.

DOWD, P.J., and SMITH, J., concur.