Arline HELM, Plaintiff-Respondent,

v.

BI–STATE DEVELOPMENT AGENCY
and Rissman Graphic Art Supply
Company, Defendant-Appellant.

No. 43870.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 6, 1982.

Mark G. Arnold, Donald W. Bird, St. Louis, for defendant-appellant.

Raymond Howard, St. Louis, for plaintiff-respondent.

SNYDER, Judge.

Bi-State Development Agency (Bi-State) appeals from a judgment pursuant to a jury verdict, of $5,000 in favor of respondent Arline Helm against Bi-State and Rissman Graphic Arts Supply Co. (Rissman).[1] Respondent sought compensation for injuries allegedly received when a Bi-State bus, in which she was a passenger, collided with Rissman's delivery truck.

Bi-State raises two points on appeal: (1) the instruction to the jury submitting Bi-State's driver's negligence for failure to warn was not supported by the evidence; and (2) respondent's counsel improperly argued to the jury that appellant's driver was negligent in starting the bus before plaintiff was seated.

The judgment against Bi-State is reversed because of error in giving Instruction No. 5, the failure to warn verdict directing instruction, and therefore it is unnecessary to address the second claim of error.

Instruction No. 5, which appellant complains was erroneous, reads:

"Your verdict must be for plaintiff against defendant Bi-State bus if you believe:

First, defendant stopped her vehicle without adequate warning to plaintiff, and Second, defendant was thereby negligent, and

Third, as a direct result of such negligence, plaintiff suffered damage.

Unless you believe plaintiff is not entitled to recover by reason of instruction number 7."

■ When there is no evidence to support each issue submitted in an instruction, its submission is error. *Brassfield v. Sears*, 421 S.W.2d 321, 323 (Mo.1967). Submission of Instruction No. 5 would require evidence from which a jury could find that appellant's driver failed to warn respondent prior to stopping the bus, appellant's driver was negligent in failing to warn respondent, and

her negligent failure to warn caused respondent's injuries. When plaintiff bases her right to recover on negligent failure to warn, she must present evidence that there was sufficient time to sound a warning and sufficient time for the party warned to heed and react to the warning, and thus escape injury. *Johnson v. Weston*, 330 S.W.2d 160, 163 (Mo.App.1959).

■ The evidence that appellant's driver stopped the bus without sounding a warning was uncontroverted. Ms. McDonald, appellant's driver, testified that she stopped the bus in the curb lane at the corner of Ninth Street and Washington Avenue for the purpose of picking up passengers. Rissman's truck was in the lane to the left of the bus. After all the passengers had boarded the bus, the driver waited for the light to turn green, then maneuvered the bus away from the bus stop. Just as the bus entered the intersection of Ninth and Washington, the driver saw Rissman's truck pull in front of her in an attempt to make a right turn onto Washington. Without giving any warning of her intentions, Ms. McDonald stopped the bus, hoping to avoid a collision. Ms. McDonald stated she had no time to see if all passengers were securely seated prior to stopping the bus, and that "everything happened at the same time."

Ms. Martin, a passenger on the bus at the time of the collision, testified she boarded the bus prior to the collision, and took a seat by the window, directly behind the driver. Ms. Martin said when the light turned green, the bus began to pull forward in its lane and the driver of the Rissman truck, at the same time, attempted to turn right into the bus' lane, slightly ahead of the bus. The two vehicles then collided. The bus driver hit the brakes and came to a halt at the moment of impact.

Respondent testified that when she boarded the bus it was crowded and there were people standing in the aisles. She proceeded to the back of the bus, purse in one hand, shopping bag in the other, hoping to locate an empty seat. As she wended her way toward the rear of the bus it started to move forward, heading north

1. Rissman's motion to dismiss its appeal was granted on April 3, 1981.

down Ninth Street. Suddenly it stopped. There was a "big jar", then respondent heard a crash and was thrown backward to the floor of the bus. Respondent stated in her deposition that she had only taken four or five steps before the collision, but testified at trial that she had taken seven or eight steps. Regardless of the exact number of steps she had taken, the bus had traveled but a short distance when the collision occurred.

This court has reviewed the evidence of the events leading up to the collision in a light most favorable to the submission of respondent's case to the jury on the theory of negligent failure to warn. The court has given respondent every reasonable inference warranted by the evidence. Even assuming arguendo that there was adequate time for appellant's driver to issue a warning, the record is devoid of evidence that a warning could have prevented respondent's injuries or that such failure to warn caused respondent's injuries. *See, Knollman v. Kennedy*, 429 S.W.2d 775, 779 (Mo.App. 1968); *Rawley v. Eilermann Transfer Co.*, 390 S.W.2d 937, 940–941 (Mo.App.1965).

Respondent was carrying a purse in one hand and a shopping bag in the other when the bus stopped. She presented no evidence that, had she received a warning she could have sat down, grabbed a stanchion, or in any other way, prevented her fall. In the absence of such evidence, respondent could not recover on a theory of negligent failure to warn.[2]

To submit the failure to warn theory of recovery to the jury was error. *Brassfield v. Sears, supra* at 324.

Having failed to make a submissible case against Bi-State Development Agency, respondent must now look solely to Rissman for satisfaction of her judgment. *See, McFarland v. St. Louis Cab Co.*, 282 S.W.2d 861, 863 (Mo.App.1955); *Matthews v. Mound City Cab Co.*, 205 S.W.2d 243, 250 (Mo.App.1947).

2. Respondent abandoned other theories of recovery alleged in her petition by submitting her case to the jury solely on the issue of negligent failure to warn. *See, Rawley v. Eilermann Transfer Company, supra* at 940.

The judgment in favor of respondent and against appellant Bi-State is reversed. The judgment in favor of Rissman and against Bi-State for all sums exceeding $2,500 which Rissman shall pay to plaintiff, and for costs paid by Rissman in excess of 50% of the total costs assessed, is reversed.[3] In all other respects the judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.

3. The trial court also awarded Rissman and Bi-State judgments against each other for any sums in excess of $2,500 either should pay to respondent and for costs paid in excess of 50% of the costs assessed.