**STATE of Missouri, Plaintiff-Respondent,**

v.

**Dale SHACKELFORD, Defendant-Appellant.**

No. 14423.

Missouri Court of Appeals, Southern District, Division One.

Oct. 21, 1986.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 10, 1986.

Application to Transfer Denied Dec. 16, 1986.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Susan Lynn Hogan, Columbia, for defendant-appellant.

JOHN E. PARRISH, Special Judge.

Dale Shackelford was convicted of sodomy in violation of § 566.060.[1] Following assessment of punishment by a jury at confinement for a term of 15 years, the court imposed that sentence.

On appeal, Shackelford contends that 1) the trial court erred in permitting a psychologist to testify that, in his opinion, the victim, C___, Shackelford's eight year-old stepdaughter, exhibited identifiable psychological characteristics consistent with those of an abused child; 2) the information allegation of "deviate sexual intercourse" was defective so as to render his conviction a nullity; and, 3) the trial court erred in not granting his motion for judgment of acquittal because the evidence was insufficient to sustain a conviction.

The evidence on appeal is to be considered in the light most favorable to sustain the verdict. *State v. Hurd,* 657 S.W.2d 337, 338 (Mo.App.1983). Viewed in this light, the evidence was that Shackelford married C___'s mother, Becky, January 14, 1984. Becky had custody of her three children (including C___) from a prior marriage. On December 13, 1984, Becky was hospitalized. On December 18, 1984, she called her former mother-in-law, Mary Archer, from the hospital and asked Mary to baby-sit the three grandchildren during Becky's hospitalization. The next day, Shackelford took the children to Mary's home. Shackelford had been taking care of the children since Becky's admission to the hospital.

During the time the children were at Mary's house, her observations produced concerns about the care the children had received while they were with Shackelford. Mary discussed her concerns with her son, the children's father, and he subsequently

---

1. RSMo Cum.Supp.1984

reported suspicions of child abuse to the Missouri Division of Family Services.

Following investigation, Shackelford was charged with the offenses of rape and sodomy. He was acquitted of the rape charge.

The trial court found C‒‒‒ competent to testify. She testified that while her mother was in the hospital, she (C‒‒‒) sometimes slept naked in the living room because she had been told by Shackelford to do so. She testified of acts of oral sodomy by Shackelford and said that he had touched her between her legs with his hand. C‒‒‒ said she was told by Shackelford not to tell anyone of these incidents.

Another witness at trial was Dr. John Stefanowicz, a psychologist. He had examined C‒‒‒ at the request of the Division of Family Services personnel. He testified that his examination of C‒‒‒ revealed that she displayed certain identifiable psychological characteristics found in sexually abused children.

On appeal, Shackelford contends that the admission of the testimony of Dr. Stefanowicz was error because the psychologist "was not competent to offer his opinion on this matter and because the opinion testimony improperly invaded the province of the jury...." These conclusions are based on the assertion that the psychologist "had not discussed the alleged incident" with the child.

Dr. Stefanowicz's testimony was based upon a 5½ hour examination and psychological testing of C‒‒‒. His examination did not include eliciting factual details from her about the specific incident in question. He did not give an opinion as to whether her testimony was truthful.

The issue of expert testimony is one to be approached with caution. As in other areas with which a prosecuting attorney

deals, if pursued with reckless abandon, it becomes a flirtation with prejudicial error.

As stated in *State v. Taylor*, 663 S.W.2d 235, 239 (Mo. banc 1984):

The rule in Missouri is that expert opinion testimony 'should never be admitted unless it is clear that the jurors themselves are not capable, for want of experience or knowledge of the subject, to draw correct conclusions from the facts proved.' The evidence must aid the jury. And admission of scientific evidence depends on wide acceptance in the relevant scientific community of its reliability. [Citations omitted.]

The opinion further states: "However, expert opinion testimony is not admissible as it relates to credibility of witnesses." Id. at 239. It then concludes that the testimony of the psychiatrist in that case went beyond proper limits of opinion expression. That testimony diagnosed the victim as suffering from rape trauma syndrome "as a result of the rape incident she described...." Id. 239–240.

However, at p. 240, in *Taylor*, it is stated:

Properly qualified, an expert in the psychological testing field may testify that the patient, client or victim does possess and exhibit the characteristics consistent with those resulting from a traumatic stress reaction, such as rape.

■ The testimony of Dr. Stefanowicz falls within these parameters. His qualifications were not contested by Shackelford at trial. Shackelford expressly admitted the psychologist's professional qualifications and did not object to his competency to testify as to this subject matter. He cannot now assert on appeal that the psychologist was not competent to offer his opinion.[2] The testimony of Dr. Stefanowicz was limited to whether C‒‒‒ possessed

2. As an aside to the previous observation that the use of expert testimony can be a flirtation with prejudicial error, it is noted that the trial court excluded certain segments of testimony by the psychologist which were elicited by the state. But for the trial court's vigilant rulings on objections to select questions propounded to the expert, the flirtation might have culminated in results not unlike those in *Taylor,* supra.

and exhibited certain identifiable psychological characteristics.

No error was committed in allowing Dr. Stefanowicz to testify in the limited fashion presented.

Shackelford next asserts that the information [3] was defective "for failure to clearly inform appellant of the facts constituting the offense of sodomy...." Shackelford contends that the information failed to set forth the specific act he is alleged to have committed, nor did it define "deviate sexual intercourse."

■ This point was not presented to the trial court as part of any motion for new trial. Nevertheless, it is appropriate for review as permitted by Rule 29.11(d),[4] for the reason that if an information fails to charge a crime, a court acquires no jurisdiction to proceed and whatever transpires thereafter is a nullity. *State v. Brooks,* 507 S.W.2d 375, 376 (Mo.1974).

■ The information is in the form of the pattern charge approved by the Supreme Court for the offense of sodomy. MACH–CR 20.08. Shackelford did not seek additional facts regarding particulars of the offense charged by requesting a bill of particulars as is permitted by Rule 23.-04. He cannot now challenge the information as imperfect for failing to more fully inform him of those particulars. *State v. Lewis,* 642 S.W.2d 627, 630 (Mo. banc 1982). The point has no merit and is denied.

■ Shackelford's third point asserts the trial court erred in denying his motion for judgment of acquittal at the close of all evidence because the evidence was insufficient to sustain the conviction. Shackelford asserts that the testimony of C.___ was inherently unreliable and in conflict with physical facts. He contends her testimony was uncorroborated, susceptible to sugges-

tion, and without support of physical evidence of sexual abuse.

■ Review of the record fails to reveal inconsistencies which would cast doubt on the child's testimony. There is no requirement that her testimony be corroborated to permit a jury to return a finding of guilty of sodomy. *State v. Smith,* 679 S.W.2d 899, 902–903 (Mo.App.1984).

Shackelford points to the testimony of Dr. Holland, a pediatrician, in asserting a lack of physical evidence of sexual abuse. Holland explained that a lack of physical evidence of sexual abuse was not unusual because of the time lapse between the occurrence (mid-December 1984) and his examination of C.___ (January 2, 1985). He acknowledged she could have been sexually abused without physical evidence being apparent on the date of the examination.

Considering the evidence and the reasonable inferences which may be drawn in support of the verdict, we find it sufficient to support the conviction. No error occurred by reason of the trial court denying Shackelford's motion for judgment of acquittal.

Judgment affirmed.

GREENE, P.J., and HANNA, PINNELL and O'LEARY, Special Judges, concur.

---

3. The pertinent part of the information reads: "[t]hat the defendant, ... committed the Class B felony of sodomy, ... in that on or about the 15th day of December, 1984, in the County of Webster, State of Missouri, the defendant had deviate sexual intercourse with C.A., to whom defendant was not married and who was less than fourteen years old."

4. All references to rules are to Missouri Rules of Court, V.A.M.R.