STATE of Missouri,
Plaintiff-Respondent,

v.

Bradford Scott BURCH,
Defendant-Appellant.

No. 51698.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 29, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 28, 1987.

Application to Transfer Denied
Dec. 15, 1987.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Stormy B. White, Asst. Public Defender, Clayton, for defendant-appellant.

CARL R. GAERTNER, Judge.

Defendant, Bradford Scott Burch, was convicted after a jury trial on two counts of sodomy under § 566.060, RSMo. 1978, and sentenced to consecutive sentences of seven years and five years. Defendant appeals, claiming: 1) the trial court erred by denying defendant's motion for a Bill of Particulars because the indictment employed vague, indefinite and generic language; 2) the trial court erred by failing to dismiss Count III of the indictment and by accepting a jury verdict on that count because it was identical to Count I; and 3) the trial court erred by overruling defendant's motion for judgment of acquittal because the prosecutrix's testimony was uncorroborated, contradictory and doubtful. We affirm.

The evidence established that defendant and his wife separated in April, 1984. Defendant's two daughters, L____ B____ and E____ B____, continued to live with their mother but visited defendant every other weekend and on Wednesday afternoons in the family's former home in St. Louis County. L____ B____ was seven years old and E____ B____ was 18 months old at the time of the separation. On January 18, 1985, L____ B____ described to a social worker, appointed by the court in her parents' divorce action, several sexual advances made upon her and E____ B____ by defendant. The police took a report and a warrant was issued for defendant's arrest on January 22. A few weeks later, an indictment formally charging defendant with two counts of committing sodomy upon L____ B____ and two counts of committing sodomy upon E____ B____ was handed down. The jury acquitted defendant on the latter two counts.

After the trial court found L____ B____, then age 9, competent to testify, she stated that defendant had inserted his finger into her vagina more than five times during the summer of 1984. L____ B____ also stated that her father forced her to put her mouth on his penis and touch it more than three or four times. L____ B____ testified defendant threatened to beat her and to kill her mother if she told anyone of his actions. Defendant denied L____ B____'s allegations in his testimony.

In identical verbiage, Counts I and III of the indictment charge "that between April, 1984 and January 21, 1985 ... defendant had deviate sexual intercourse with [L____ B____]." Pursuant to Rule 23.04 defendant filed a pre-trial motion for a bill of particulars, requesting the trial court to order the state to plead the "exact nature of the deviate sexual intercourse" and the specific dates upon which such conduct allegedly occurred. The denial of this motion gives rise to defendant's first point on appeal. He contends the indictment was multiplicious, exposing him to double jeopardy, and the use of vague, indefinite and generic language prevented him from adequately preparing his defense.

 As to defendant's contention of improper use of vague, indefinite and generic language, we note first of all, that the indictment substantially follows the language of MACH–CR 20.08.2. Rule 23.-01(b) sets forth the requirements for the content of an indictment or information. Compliance with the forms approved by the

Supreme Court satisfies these requirements. Rule 23.01(e); *Pelham v. State*, 713 S.W.2d 614, 617 (Mo.App.1986); *State v. Mitchell*, 689 S.W.2d 143, 145 (Mo.App. 1985). Additionally, it is generally permissible and sufficient for an indictment to charge the offense in the language of the statute, provided the statute sets forth all the constituent elements of the offense. *State v. Mitchell*, 704 S.W.2d 280, 287 (Mo. App.1986). An exception to this general rule is found where a statute defines the offense in generic terms and does not individuate the offense with sufficient particularity as to notify the accused of what he is to defend against. *Id. State v. Voyles*, 691 S.W.2d 452 (Mo.App.1985), the case principally relied upon by defendant, concerns a charge of stealing by deceit. As noted in the principal opinion in *Voyles*, "it is clear that to the extent § 570.030 denounces stealing by deceit, it uses generic terms to define the offense." *Id.* at 455. Obviously, an indictment which merely charges a defendant with stealing by deceit without specifying the particulars of the alleged false representation would fail to advise the defendant of what he must defend against. Section 566.060.3 does not suffer from a comparable lack of specificity. It proscribes as the crime of sodomy "deviate sexual intercourse with another person who is less than 14 years old." Deviate sexual intercourse is "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person." § 566.010.1(2). The essence of the offense is the sexual act with a person under the age of 14. The specific combination of body parts through which the sexual act is effected need not be particularized in order to enable the defendant to meet the charge and to bar further prosecution. As stated in *State v. Mitchell*, 689 S.W.2d at 145, regarding sexual abuse in the third degree, "although the manner of touching may vary, the crime can only be committed one way. Thus, it is not subject to the 'generic' rule upon which defendant relies." Defendant in the instant case suffered no prejudice from the failure of the trial court to require the state to allege the exact nature of the conduct constituting deviate sexual intercourse.

Defendant also assigns as trial court error both the denial of his motion to dismiss Count III because it was set forth in language identical to that of Count I and the submission of Count III to the jury under an instruction identical to the verdict-directing instruction on Count I. The charges and the verdict directors on Counts I and III all recited that, between April, 1984 and January 21, 1985, defendant had deviate sexual intercourse with L____ B____ who was then less than 14 years old. Because of the identical language of both counts defendant argues he was exposed to double jeopardy because a "jury so instructed could not help but believe it had the authority to impose multiple punishments for a single crime." This argument overlooks the fact the jury was also instructed, under MAI–CR2d 2.70, that "[t]he defendant is charged with a separate offense in each count submitted to you. Each offense and the law applicable to it should be considered separately."

██ Defendant's reliance on *State v. Mitchell*, 704 S.W.2d 280 (Mo.App.1986) is misplaced. In *Mitchell* two charges of exhibiting a lethal weapon in an angry or threatening manner, one at a residence, the other later on the same day at a cafe, were charged in identical language and were submitted to the jury under identical instructions. Because of the impossibility of distinguishing which count referred to which of the incidents, each of which was surrounded by different circumstances relied upon by defendant as extenuation for his conduct, the *Mitchell* court found error requiring a new trial. The court expressly noted the simple means of avoiding any possible confusion by specifically referring to the place of each distinct occurrence in the information and in the instructions. *Id.* 285. In so ruling the *Mitchell* court distinguished that case from *State v. Woodfin*, 559 S.W.2d 273 (Mo.App.1977), in which the submission of two counts of sale of marijuana under identical verdict-directing instructions was found to be non-prejudicial. The two distinguishing elements noted by

the *Mitchell* court were that: 1) in *Wood-fin*, no trial court objection was made and the matter was considered under the plain error rule; and 2) Woodfin's defense to both counts was the same, misidentification of the actual culprit. We believe the instant case is more akin to *Woodfin* than to *Mitchell*. Here, as in *Woodfin*, defendant made no objection to the instructions at trial and did not preserve the double jeopardy contention asserted in this court in his motion for new trial. Therefore, we look only for manifest injustice or a miscarriage of justice under Rule 29.12(b). *See State v. Mudd*, 703 S.W.2d 63, 66 (Mo.App.1985). Here, as opposed to *Mitchell*, the evidence reflects a continuing series of acts rather than two isolated and distinct occurrences. Here, as in *Woodfin*, the defense was the same for each count and not based upon differing facts as in *Mitchell*.

■ The evidence in this case showed a course of sexual abuse of the victim by defendant continuing over a period of months. Defendant had custody of L____ B____ every other weekend after the parents separated on April 2, until October 16, when, after a home study ordered by the dissolution court, overnight and unmonitored visitation was discontinued. L____ B____ testified that during the times she was in the sole custody of her father he inserted his finger in her vagina more than five times, put his penis in her mouth more than three or four times and made her touch his penis with her hand more than three or four times. In light of this evidence, together with the instruction that each count related to a different offense, defendant's contention that the jury could have imposed multiple punishments for a single crime is specious. Contentions similar to that made by defendant here have been rejected in light of MAI–CR2d 2.70 and reference in the verdict directors to different counts. *See State v. Douglas*, 720 S.W.2d 390, 395 (Mo.App.1986); *State v. Fletcher*, 709 S.W.2d 924, 926 (Mo.App. 1986); *State v. Mudd*, 703 S.W.2d 63, 66 (Mo.App.1985); *State v. Trimble*, 654 S.W. 2d 245, 259 (Mo.App.1983). The jury clearly understood that defendant was charged with different offenses in distinct counts.

■ Defendant also attacks the indictment contending the broad and indefinite time alleged, "between April, 1984 and January 21, 1985," prevented him from preparing a defense. Under other circumstances we might agree that this broad time span could create such a problem. However, in this case defendant does not suggest a particular defense he was unable to advance. Contrary to any possibility of asserting alibi as a defense, he concedes the fact that L____ B____ was in his custody on the alternate weekends. His only defense is that the conduct described by his daughter did not occur. He did testify that during much, but not all of the time his daughter stayed with him, his parents were present. But even if a more definite time could have been alleged by the state, defendant's contention that his parents were present during portions of the visitations would not have excluded his opportunity to have committed the offenses. Because time is not essential to the crime of sodomy, and in recognition of the impossibility of ascertaining specific dates in cases of sexual abuse of children, especially where there is a continuous series of abusive acts, the courts have consistently rejected contentions identical to that made by defendant herein absent an affirmative showing of prejudice. *See State v. Woods*, 723 S.W. 2d 488 (Mo.App.1986); *State v. Douglas*, 720 S.W.2d 390 (Mo.App.1986); *State v. Ellis*, 710 S.W.2d 378 (Mo.App.1986); *State v. Allen*, 622 S.W.2d 275 (Mo.App.1981).

■ Finally, defendant attacks the sufficiency of the evidence in that the state's case was based entirely upon the testimony of the victim, which defendant describes as uncorroborated and self-contradictory. Defendant argues that L____ B____'s testimony is uncorroborated because there was no medical evidence of a physical examination. Such physical corroboration of sodomy is not required, particularly where the lapse of time between the alleged acts and the reporting thereof render a physical examination futile. *State v. Shackelford*, 719 S.W.2d 943, 946 (Mo.App.1986).

The uncorroborated testimony of a victim of sodomy is sufficient to sustain a conviction unless it is so inherently contradictory or unbelievable as to cloud the mind of the court with doubt. *State v. Burke*, 719 S.W.2d 887, 888 (Mo.App.1986). Inconsistencies related to non-essential details do not destroy the submissibility of the case. *State v. Ellis*, 720 S.W.2d at 392.

Defendant's failure to comply with the requirements of Rule 84.04(h) would justify our disregarding this third point relied on. Nevertheless, we have searched the record and we find defendant's argument to be totally unsupported. What may have appeared to be a discrepancy between L___ B___'s trial testimony and her statement to a police officer regarding vaginal penetration disappeared when the officer consulted his written report and found it to corroborate her trial testimony. Moreover, any such discrepancy would not relate to any essential element of the offense nor would it be a contradiction internal to the testimony of the victim. Differences between areas L___ B___ claimed to have been able to see and photographs purportedly taken from her vantage point are not internal contradictions but rather go to the weight to be given to her testimony by the jury. In any event, these differences pertain only to Counts II and IV in which E___ B___ was the alleged victim and defendant was acquitted on these counts. We find no internal contradictions or inconsistencies pertaining to an essential element of the offenses of which defendant was convicted.

Judgment affirmed.

SNYDER and SIMEONE, Senior Judges concur.