**STATE of Missouri,
Plaintiff–Respondent,**

v.

**James C. RUDD, Defendant–Appellant.**

No. 15308.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 5, 1988.

Motion for Rehearing or Transfer
Denied Oct. 25, 1988.

Application to Transfer Denied
Dec. 13, 1988.

Jim Lynn, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury found defendant James C. Rudd guilty of five counts of rape as defined and denounced by § 566.030.3, RSMo Supp. 1984. His punishment was assessed at imprisonment for a term of 15 years on each count. The trial court ordered that the sentences on Counts I and V of the information run consecutively. It further or-

dered that the sentences on Counts II, III and IV run concurrently and also run concurrently with the sentences on Counts I and V. The defendant appeals, contending that the trial court erred in denying his motion for a bill of particulars and erred in giving Instructions Nos. 7, 9 and 11 because those instructions did not fairly distinguish the three offenses charged. We affirm.

The sufficiency of the evidence to support the judgments of conviction is not questioned, and a brief recitation of the facts will be sufficient. The defendant's victim was his 13–year–old daughter M____. M____ testified that after she moved from Mississippi to Missouri she, her two younger brothers and the defendant lived with the defendant's mother in Pascola, Missouri. The defendant's two brothers and his sister also lived in the same house. M____ slept on a couch in the living room. The defendant slept in his brother's room. In February 1986, the defendant came in the living room after M____ had gone to bed and ordered her to "roll over." She was further ordered to "pull down [her] pants [and her] night clothes." She did so. According to M____ the defendant then "put his penis inside of me." Defendant withdrew his penis from M____'s vagina before he ejaculated. The defendant ejaculated on the couch and told M____ to "clean it up." Defendant told M____ "not to tell anyone ... or he [would] go to jail."

On February 16, 1986, the defendant moved his family from his mother's house to a trailer in Caruthersville. M____ slept in one bedroom; the defendant and his two sons slept in another. Thereafter, on four separate occasions the defendant came to M____'s bed and engaged in sexual intercourse with her. On each occasion the defendant ejaculated on the bed, then ordered M____ to clean it up. M____ testified that March 20, 1986, was the last time her father raped her. M____ was able to fix the date of the last incident "... because [her] mother was comin' home, [sic] and [defendant] did it that night."

As noted, the defendant was convicted of raping his daughter on five occasions. In light of the errors assigned on appeal, a quotation of part of the record will be helpful:

\* \* \* \* \* \*

"[THE PROSECUTOR]: M____, how many times all together [sic] did your father have sexual intercourse with you in Missouri?

A. Over five.

Q. *The first time was, in Missouri, was February 6th, the last time March 20th, '86?*

A. *Yes.*

Q. *How many times in between there?*

A. *Three.*

Q. *And where did these other three acts of intercourse take place?*

A. *At Quinn's Trailer Court.*

Q. *And what room or part of the trailer did these acts of intercourse take place?*

A. *My room.*

Q. *Were these acts of intercourse, these three, were they any different than the last one you described on March the 20th?*

A. *No.*

Q. *Did he, each time, place his penis inside of you?*

A. *Yes.*

Q. *On any of those three times did he ejaculate inside of you?*

A. *No.*

\* \* \* \* \* \*

Q. *And where did he ejaculate these three times?.*

A. *On my bed.*

Q. *Did—was this cleaned up?*

A. *Yes.*

Q. *And by you?*

A. *Yes.*" (Our emphasis.)

\* \* \* \* \* \*

The defendant testified in his own defense. He denied that he had ever molested his daughter; there were, according to him, "[t]oo many whores runnin' around."

The defendant's two points are very similar, and our opinion is necessarily somewhat repetitious. His second point is that the trial court erred in denying his motion for a bill of particulars because Counts II, III and IV of the information "were identical and as a result they failed to adequately inform appellant of the charges against him by failing to distinguish among the various counts, and inhibited his ability to assert double jeopardy in the event of acquittal of any of the charges." Defendant's first point is that verdict-directing Instructions Nos. 7, 9 and 11 did not identify the occurrence to which each was meant to refer and were therefore confusing and misleading. No complaint is made of Counts I and V. No error is assigned to the instructions which submitted those counts to the jury.

Counts II, III and IV of the information filed read as follows:

"The Prosecuting Attorney of the County of Pemiscot, State of Missouri, charges that the defendant, in violation of Section 566.030, RSMo., committed the Class B felony of rape, punishable upon conviction under Section 558.011.1(2), RSMo., in that on or about between the dates of February 15, 1986 and March 20, 1986, in the County of Pemiscot, State of Missouri, defendant had sexual intercourse with M____, to whom defendant was not married, and who was then less than fourteen years old...."

Prior to trial, the defendant moved the court to require the State to file a bill of particulars, averring that: 1) the "indictment or information" failed to inform the defendant of the particulars of the offenses charged with particularity sufficient to allow him to prepare his defense, and 2) the State should be required to plead the particular dates upon which the offenses charged in Counts II, III and IV were committed.

■ Ordinarily, an information is sufficient if it is framed in the language of the statute making the conduct an offense. *State v. Gillespie*, 336 S.W.2d 677, 680[1] (Mo.1960); *State v. Mitchell*, 704 S.W.2d 280, 287[2] (Mo.App.1986). Counts II, III and IV charged the defendant with three violations of § 566.030.3, RSMo Supp.1984. That statute in pertinent part provided:

"3. A person commits the crime of rape if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old."

Counts II, III and IV charged violation in the words of the statute which created the offense. The elements of the offense charged were adequately stated unless the defendant was in some respect prejudiced by the State's allegation of the time when the offenses charged were committed.

■ Time is not of the essence of the crime of rape or of statutory rape. *State v. Ellis*, 710 S.W.2d 378, 383–84 (Mo.App. 1986). Counts II, III and IV were not invalid because they stated that the offenses charged were committed between February 15 and March 20, 1986. *See State v. Edwards*, 657 S.W.2d 343, 345[4] (Mo.App.1983); *State v. Allen*, 622 S.W.2d 275, 276 (Mo.App.1981). Further, the defendant's reliance on *State v. Mitchell*, 704 S.W.2d 280, is misplaced. In *Mitchell*, different acts, different places and different people, except for the defendant, were involved. Simple specification of the site at which the conduct alleged in Count II occurred and the site at which the conduct alleged in Count III occurred was considered sufficient in *Mitchell*, 704 S.W.2d at 288[4]. In this case, the evidence reflects a continuing series of acts rather than two isolated and distinct occurrences, as was the case in *Mitchell*. In *State v. Burch*, 740 S.W.2d 293 (Mo.App.1987), our colleagues at St. Louis considered a similar assignment of error in a case involving the commission of sodomitic acts upon the defendant's children. The indictment charged the commission of two different acts of sodomy " 'between April, 1984 and January 21, 1985.' " The defendant contended the indictment was multiplicitous, exposing him to double jeopardy, and that the indefinite specification of the time of commission of the offenses prevented his preparing a defense. Addressing the argument that the defendant was prevented from preparing a defense, the court noted

that he did not suggest a particular defense he was unable to advance. In this case, the defendant has suggested no defense, and we perceive none, which was inhibited by the State's failure to aver commission of the acts charged by Counts II, III and IV more specifically. The defendant did not suggest alibi, or that he was guilty of one act of rape but not guilty of the others. His only defense was that he committed none of the acts charged. What was said in response to the very similar argument made in *State v. Burch,* 740 S.W.2d at 296, is apropos here:

"... Because time is not essential to the crime of sodomy, and in recognition of the impossibility of ascertaining specific dates in cases of sexual abuse of children, especially where there is a continuous series of abusive acts, the courts have consistently rejected contentions identical to that made by defendant herein absent an affirmative showing of prejudice. *See State v. Woods,* 723 S.W.2d 488 (Mo.App.1986); *State v. Douglas,* 720 S.W.2d 390 (Mo.App.1986); *State v. Ellis,* 710 S.W.2d 378 (Mo.App.1986); *State v. Allen,* 622 S.W.2d 275 (Mo.App. 1981)."

▮ Defendant's further argument in this connection is that the indefinite specification of time in Counts II, III and IV inhibited his ability to assert double jeopardy in the event of acquittal of any of the charges. We are not persuaded there was any such prejudice to the defendant. A court may look to the whole record to determine the validity of a plea in abatement based on former jeopardy. *State v. Toombs,* 326 Mo. 981, 986–87, 34 S.W.2d 61, 64 (1930); cf. *State v. Trimble,* 654 S.W.2d 245, 259 (Mo.App.1983). It may, if necessary, receive and consider parol evidence. *State v. Glover,* 500 S.W.2d 271, 273 (Mo. App.1973). An inspection of the record would disclose that in Counts II, III and IV the defendant was charged with three acts of rape which were committed between February 15 and March 20, 1986. Any prosecution under a subsequent indictment or information would be foreclosed if the defendant were charged with an act of which he might have been convicted or

acquitted under Counts II, III and IV of the information filed in this case. *State v. Douglas,* 720 S.W.2d at 395; *Tincher v. Boles,* 364 F.2d 497, 498 (4th Cir.1966). This argument is without merit.

The defendant's claim of instructional error is much similar to his argument that he was improperly charged with separate crimes in Counts II, III and IV of the information. The assignment of error, as tendered, is an assignment of instructional error only; the alleged error is not asserted as an infringement of federally protected rights.

Instructions Nos. 7, 9 and 11 are identical, except that each referred to a different count of the information. The instructions are rescripts of MAI–Cr.3d 320.02.2, adapted to the circumstances of this case. Each instruction reads:

"As to Count [II or III or IV], if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about between the dates of February 15, 1986 and March 20, 1986, in the County of Pemiscot, State of Missouri, the defendant had sexual intercourse with M——, and

Second, that M—— was then less than fourteen years old, and

Third, that defendant was not then married to M——,
then you will find defendant guilty under Count [II or III or IV] of rape.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count [II or III or IV] of rape, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years."

The defendant has cited very general rules pertaining to instructions in criminal cases. He reminds the court that Rule 28.02(a) requires the court to instruct the jury in writing upon all questions of law arising in the case that are necessary for

their information in giving the verdict. He further reminds the court that the ultimate test of the accuracy of an instruction is whether it precisely follows substantive law, and whether it will be correctly understood by a jury composed of average lay people. *State v. Harris*, 636 S.W.2d 403, 406 (Mo.App.1982). The rules cited are undoubtedly sound but they are of little assistance in resolving the particular questions presented.

■ Instructions Nos. 7, 9 and 11, as we have said, are rescripts of MAI–Cr.3d 320.-02.2, adapted to the facts of the case. Moreover, the instructions complained of are couched in the language of the statute proscribing the offense with which the defendant was charged. It is a rule of long standing that a verdict-directing instruction, which is not erroneous for some other reason, is sufficient when in words and effect it follows the language of the statute. *State v. Hammond*, 571 S.W.2d 114, 116 (Mo.banc 1978); *State v. Jones*, 365 S.W.2d 508, 515 (Mo.1963). Submitting commission of the offenses charged in Counts II, III and IV "on or about between the dates of February 15, 1986 and March 20, 1986" was not erroneous. The words "on or about" do not put the time at large, but indicate that it is stated with approximate certainty. The phrase may properly be used in reciting the date of an occurrence to escape the necessity of being bound by an exact date and means " 'approximately,' " " 'about,' " " 'without substantial variance from,' " or " 'near.' " *State v. Armstead*, 283 S.W.2d 577, 582[12] (Mo.1955). Further, with exceptions not applicable to this case, it is not error to give an instruction that submits the happening of the offense at any time within the period of limitation. *State v. Siems*, 535 S.W.2d 261, 266[7–15] (Mo.App.1976).

To reiterate, the defendant did not rely on alibi as a defense, and there is no question that M____ lived with her father in a trailer in Caruthersville from February 15 to March 20, 1986. Instructions Nos. 7, 9 and 11 sufficiently limited the time of the alleged offenses to the facts testified to by the prosecutrix. *See State v. Walker*, 357 Mo. 394, 402, 208 S.W.2d 233, 238 (1948); *State v. Siems*, 535 S.W.2d at 266. It cannot be said that Instructions Nos. 7, 9 and 11 positively misstate the law.

The crux of the defendant's argument that there was prejudicial instructional error is that Instructions Nos. 7, 9 and 11 did not sufficiently individuate the three distinct offenses which were submitted. There is no doubt that when multiple offenses are submitted, they should be differentiated.[1] In some cases, as in *State v. Mitchell*, 704 S.W.2d at 285, it is possible to avoid confusion by specifically referring to the place of each distinct occurrence. In our case, the prosecutrix testified that each of the three acts of rape submitted by Instructions Nos. 7, 9 and 11 occurred at the same place. She could not recall the dates.[2]

In *State v. Burch*, 740 S.W.2d 293, Counts I and III of the indictment charged the defendant with separate acts of deviate intercourse upon the person of his daughter. In identical verbiage, Counts II and III charged that defendant, " 'between April, 1984 and January 21, 1985 .… had deviate sexual intercourse with [L____ B____].' " One of the defendant's assignments of error was that the verdict-directors submitting Counts I and III were identical. Addressing this contention, our colleagues at St. Louis held:

"[6] The evidence in this case showed a course of sexual abuse of the victim by defendant continuing over a period of

---

**1.** The "Notes on Use" appended to MAI–Cr.3d 304.02.4(c) provide: "Multiple Offenses—Same Victim, Short Period of Time.... If it is impossible to fix the occasion of the offense by time or date, the instruction should be modified by the Court to identify the occurrence by some other reference."

**2.** "[THE PUBLIC DEFENDER]: Q. Do you remember any of those dates, M____?

A. I just remember number one, two, the first night that we got there and the last time.

Q. The first night that you got there to Quinn's?

A. Yes.

Q. *Do you remember what date that was?*

A. *All I know it was on a weekend.*

Q. *So you don't know what day it was?*

A. *No.*" (Emphasis supplied.)

**630**

months.... L___ B___ testified that during the times she was in the sole custody of her father he inserted his finger in her vagina more than five times, put his penis in her mouth more than three or four times and made her touch his penis with her hand more than three or four times. *In light of this evidence, together with the instruction that each count related to a different offense, defendant's contention that the jury could have imposed multiple punishments for a single crime is specious.* Contentions similar to that made by defendant here have been rejected in light of MAI–Cr2d 2.70 and reference in the verdict directors to different counts. *See State v. Douglas,* 720 S.W.2d 390, 395 (Mo.App.1986); *State v. Fletcher,* 709 S.W.2d 924, 926 (Mo.App.1986); *State v. Mudd,* 703 S.W.2d 63, 66 (Mo.App.1985); *State v. Trimble,* 654 S.W.2d 245, 259 (Mo.App.1983). The jury clearly understood that defendant was charged with different offenses in distinct counts." (Our emphasis.)

*State v. Burch, supra,* at 296.

In *Burch,* from which we have just quoted, the Eastern District was considering an assignment of error similar to defendant's point one, but it was considering the instructional error averred only as plain error. Nevertheless, we consider the holding just stated to be sound and dispositive of the defendant's contention that Instructions Nos. 7, 9 and 11 did not sufficiently distinguish the offenses charged in Counts II, III and IV of the information. MAI–Cr. 3d 304.12, in its original form, was given and read to the jury. That instruction, which originally replaced MAI–Cr.2d 2.70 advised the jury that it might find the defendant guilty or not guilty under any or all of the counts submitted in the instructions, and that each count and the law and evidence applicable to it was to be considered separately.

■ We agree with the general proposition that if multiple offenses are submitted against a single defendant, the different offenses submitted should be distinguished. As much is inherent in the well established rule that the giving of distinctive instructions is a proper method of submitting multiple offenses. *State v. Cobb,* 444 S.W.2d 408, 415 (Mo.banc 1969). Nevertheless, the possibility that the jury might be confused by an attempt to distinguish between offenses which are indistinguishable except in relation to each other is to be considered. In the case at hand, we are convinced that the jury clearly understood that the defendant was charged with different offenses in distinct counts and that each offense was to be considered separately. We find no merit in defendant's assignment of instructional error.

We find no error in any respect advanced in this court. Accordingly, the judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.