STATE of Missouri, Respondent,

v.

Clifford RIGGS, Appellant.

No. 54847.

Missouri Court of Appeals,
Eastern District,
Division One.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied
June 13, 1989.

Holly G. Simons, Asst. Public Defender, St. Louis, Clifford Riggs, pro se, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Clifford Riggs (defendant) appeals from his convictions, based on pleas of guilty to two counts of Deviate Sexual Assault in the First Degree, § 566.070, RSMo 1986. Defendant was sentenced to three years' imprisonment on each count with the sentences to run concurrently. We affirm.

Defendant was charged by grand jury indictment with four counts of deviate sexual assault in the first degree (Counts I-IV) and one count of sodomy (Count V). As a result of plea negotiations, defendant pled guilty to Counts I and II. In exchange, the State entered a memorandum of Nolle Prosequi with regards to Counts III, IV and V, and recommended concurrent three-year sentences for Counts I and II.

Defendant now asserts the indictment charging him was fatally defective, because it was factually insufficient to protect him from future prosecution based on the same conduct. Thus, he contends his guilty pleas were erroneously accepted by the trial court.

The alleged problem with the indictments is they read exactly the same:

The Grand Jurors, of the City of St. Louis, State of Missouri, charge that the defendant, in violation of Section 566.070, RSMo, committed the class C felony of deviate sexual assault in the first degree, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that between March 11, 1985 and March 2, 1986, in the City of St. Louis, State of

**362**

Missouri, the defendant had deviate sexual intercourse with D.B., to whom the defendant was not married and who was then fourteen years old.

The plea hearing record reveals that each count was charged for a different act: defendant had placed his mouth on the victim's vagina, and had placed his penis in the victim's mouth. Defendant admitted these were the facts of each crime.

If defendant had committed only one act, either Count I or Count II standing alone would have been sufficient to charge him with the crime. Each charge follows the language of MACH–CR and standing alone, satisfies the requirement for the content of an indictment set forth in Rule 23.01(b). *State v. Burch,* 740 S.W.2d 293, 294–295[1] (Mo.App.1987). The failure of either indictment to allege the specific combination of body parts through which defendant committed deviate sexual intercourse need not have been particularized to enable the defendant to meet the charge and to bar further prosecution. *Id.* at 295[4].

■ Here defendant violated the same statute more than once against the same victim within the same time period. Each count was sufficient standing alone. They were not made insufficient because it could not be determined from the wording of the counts which count referred to which incident. *State v. Mitchell,* 704 S.W.2d 280, 287[3] (Mo.App.1986). If defendant was in doubt, his remedy was to file a motion requesting a bill of particulars. *Id.* Because the charges were sufficient, defendant waived his right to complain of lack of detail in the indictment with his failure to request a bill of particulars. *State v. Fults,* 719 S.W.2d 46, 50[8] (Mo.App.1986). Further, the State did explain on the record at the plea hearing the details of the acts defendant pled guilty to committing. This record protects defendant from prejudice because it adequately clarified the charges to prevent any possible "double jeopardy" issue which could arise in the future. *Mitchell* at 288. Defendant's pleas of

guilty were clearly made with specific knowledge of the crimes charged.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.